IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SOUTHERSBY DEVELOPMENT          )
CORPORATION,                    )
                Plaintiff      )
                      )
      vs.                      )    Civil Action No. 09-208
                      )    Chief Magistrate Judge Amy Reynolds Hay
BOROUGH OF JEFFERSON HILLS;     )
WILLIAM L. McVICKER, in his     )
individual and official capacity, )
              Defendants    )

## AMENDED MEMORANDUM OPINION

In Motions filed pursuant to Fed. R. Civ. P. 12(b)(6), [Docs. 24, 26], the Defendants in this land use action, brought pursuant to 42 U.S.C. § 1983, ask the Court to dismiss the substantive due process claim set out in Count II of the Amended Complaint. The Motions will be granted.

**Background**

The Plaintiff, Southersby Development Corporation ("the Plaintiff" or "Southersby"), a real estate developer, alleges wrongdoing on the part of the Borough of Jefferson Hills ("the Borough" or "Jefferson Hills") and William L. McVicker ("McVicker"), a former Borough employee, in connection with the residential development of land located in the Borough and referred to here as Patriot Pointe Phases I, II and III. (Doc. 21, Amended Complaint at ¶¶ 6-7). In spring 2009, when the time came to proceed with Phase III of the project, the working relationship between Southersby and the Borough soured. Tension arose when the Borough delayed in returning the Phase III Developer's Agreement ("the Agreement"). After receiving the Agreement, Southersby objected because it contained unacceptable terms, including a waiver of

"the plaintiff's constitutional right to a jury trial." (Id. at ¶ 11). After the Borough agreed to remove the offending provisions, Southersby executed and returned the Agreement to the Borough. The Borough has yet to execute the Agreement, and has thus prevented Southersby from proceeding as planned with Patriot Pointe Phase III. (Id. at ¶¶ 12-13). This and other "irrational and discriminatory actions" are alleged to have "denied the plaintiff its right to [substantive] due process." (Id. at ¶ 34). These other actions include selective application of Borough road specifications; unreasonably stringent inspection and testing specifications; and the imposition of fees not required of other developers. (Id. at ¶21). In addition, the Plaintiff claims unfair and arbitrary treatment in connection with an access road, a sign permit, and a grouting plan. (Id.). McVicker, individually, is alleged to have interfered with homebuilders' permits, and to have lodged frivolous complaints with the Allegheny Conservation District. (Id.).

The Amended Complaint also contains allegations that McVicker and "other agents of Jefferson Hills" had personal or business relationships with other land developers and Borough residents who opposed or stood to benefit from blocking Phase III development. (Id. at 23). Through these relationships, the Defendants are said to have engaged in corruption and self-dealing. (Id. at 23, 26). Southersby alleges that the Defendants were "motivated by ill will, personal animus, malice or an intent to harass," and acted "intentionally or with reckless indifference to plaintiff's federally protected rights." Southersby characterizes the Defendants' conduct as "so egregious that it shocks the conscience." (Id. at 26, 37).

**Standard of Review**

A Rule 12 (b) motion to dismiss will be granted where "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff,

plaintiff is not entitled to relief ." Ballentine v. United States, 486 F.3d 806, 810 (3d Cir.2007). The Court is not obligated to credit "bald assertions" or "legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997); see also Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). The focus is on the allegations of fact.

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, a complaint must include enough facts to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). This standard does not impose a probability requirement, but mandates instead that a complaint contain "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. Rote recitation of the elements of a claim does not suffice.

Synthesizing these recent refinements in the Rule 12(b)(6) standard, the Court of Appeals for the Third Circuit has instructed courts to conduct a two-part analysis. First, a court must consider the well-pleaded factual allegations of the claim in isolation, disregarding any legal conclusions. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir.2009). Next, the court must make a common sense determination of whether those facts establish a plausible claim for relief. Id. at 211. If the court cannot infer from facts alone more than the mere possibility of misconduct, the claim cannot survive. Id.

**Discussion**

3

The Elements of a Substantive Due Process Claim in the Land-Use Context

In order to establish a viable substantive due process claim in the context of municipal land-use decisions, a plaintiff must show: (1) a fundamental property interest protected by the Fourteenth Amendment; and (2) that the deprivation alleged resulted from government action that "may fairly be said to shock the contemporary conscience." Desi's Pizza, Inc. v City of Wilkes- Barre, 321 F.3d 411, 426-27 (3d Cir. 2003). It is undisputed that the Plaintiff's ownership of real property satisfies the first element. See DeBlasio v. Zoning Bd. of Adjustment for Twp of W. Amwell, 53 F.3d 592, 600 (3d Cir. 1995) abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp of Warrington, 316 F.3d 392 (3d Cir. 2003) (recognizing that "ownership is a property interest worthy of substantive due process protection"). The Court turns, therefore, to the second element.

The "shocks the conscience test" in land use cases was addressed by the Supreme in Sacramento v. Lewis, 523 U.S. 833 (1998). There, the Court wrote that the "criteria used to identify what is fatally arbitrary differ depending on whether [a legislative act] or a specific act of a government officer is at issue." Id. at 846.[1] Cases "dealing with abusive executive action

---

[1]The arbitrary actions alleged in the Amended Complaint are executive in nature. In Acierno v. Cloutier, 40 F.3d 597 (3d Cir. 1994), the Court of Appeals for the Third Circuit adopted the test formulated by the District Court in Jodeco, Inc. v. Hann, 674 F. Supp. 488, 494-95 (D.N.J. 1987), for distinguishing legislative from non legislative functions:

The appropriate inquiry [is] whether the conduct of the defendant zoning officials involved either the enactment or amendment of zoning legislation or simply the enforcement of already existing zoning laws. Acts performed pursuant to the former are legislative in character, while acts performed pursuant to the latter are administrative, executive, or ministerial . . . Factored into this equation should be the impact that such official conduct has on the citizens of the municipality. Official acts affecting the community at large might tip the balance in favor of a finding of legislative conduct,

have repeatedly emphasized that only the most egregious official conduct [is] 'arbitrary in the constitutional sense.'" Id. (quoting Collins v. Harker Heights, 503 U.S. 115, 129 (1992)). "[T]he cognizable level of executive abuse of power [is] that which shocks the conscience." Id. "While the measure of what is conscience shocking is no calibrated yard stick, it does . . . 'poin[t] the way.'" Id. at 847 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

In United Artists Theatre Circuit, Inc. v. Twp of Warrington, 316 F.3d 392 (3d Cir. 2003), the Court of Appeals for the Third Circuit considered the plaintiff's claims that Warrington Township and its Board of Supervisors had "complicated and delayed approval of United Artists' development plan, and thereby allowed a competitor to beat [it] in a race to build a movie theater." Id. at 394. The Court found that these allegations did not satisfy the "shocks the conscience"test. Adopting this test "[brought] the Court into line with several other Courts of Appeals that have ruled on substantive due process claims in land-use disputes" and "also prevent[ed  the Court] from being cast in the role of a 'zoning board of appeals.'" Id. at 402 (quoting Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir.1982)). "Land use decisions are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with 'improper' motives.'" Id. (internal citation omitted).

---

while acts directed at one or a few individuals might be dispositive of executive or administrative conduct.

Acierno, 40 F.3d at 611.

Under this test, the Defendants' actions were executive in nature. The Plaintiff does not challenge an ordinance or rule of general applicability. The thrust of Southersby's substantive due process claim is that the challenged actions were directed at Southersby alone, and constituted or purported to constitute enforcement of existing rules and policy.

In Eichenlaub v. Twp pf Indiana, 385 F.3d 274 (3rd Cir. 2004), the Court of Appeals shed additional light on the standard governing this case.  There, the plaintiff asserted that government officials imposed subdivision requirements not applied to other parcels, delayed relevant permits and approvals, improperly increased tax assessments, and interfered with the plaintiff's First Amendment rights.  The Court of Appeals found that these allegations did not establish a substantive due process claim.  The Court based this finding on the fact that there had been "no allegation of corruption or self-dealing," as in Conroe Creosoting Co. v. Montgomery County, 249 F.3d 337 (5th Cir. 2001),  "local officials [were] not accused of seeking to interfere with otherwise constitutionally protected activity at the project site" as happened in Associates in Obstetrics & Gynecology v. Upper Merion Twp, 270 F. Supp. 633 (E.D. Pa. 2003), there was no indication of bias against an ethnic group, and "that there [had not been a] virtual 'taking,'" as in Conroe.  Eichenlaub, 385 F.3d at 286.  The decision in Eichenlaub clarified that absent these or equally serious allegations, there can be no land-use related claim based on substantive due process.[2]

Sufficiency of the Plaintiff's Substantive Due Process Claim

The Defendants initially challenged the sufficiency of the substantive due process claim

_____

[2]Numerous post-Eichenlaub decisions have reiterated this conclusion.  See, e.g., Vorum v. Canton Twp., No. 07-3815, 2009 WL 252509 (3d Cir. Feb. 4, 2009) (finding contention that denial of zoning request was motivated by board of supervisors' personal grudge insufficient to state substantive due process claim); Dotzel v. Ashbridge, No. 07-4612, at * 2 (3d Cir.  Jan.16, 2009) ( to "'shock the conscience,' the alleged misconduct must . . . rise to the level of self-dealing, an unconstitutional 'taking,' or interference with otherwise constitutionally protected activity on the property"); Chainey v. Street 523 F.3d 200, 220 (3d Cir. 2008) (same); Blain v. Twp of Radnor, No. 04-2698, 2006 WL 358550, at * 2 (3d Cir. Feb.16, 2006) (same); Maple Prop., Inc. v. Twp of Upper Providence, No. 04-4604, 2005 WL 2641113, at * 4 (3d Cir. Oct. 17, 2005) (same);  Angino v. Vanwagner,  No.1:CV -05-1748, 2009 WL 2859041 (M.D. Pa. Sept. 3, 2009) (same).

made  in Southersby's original Complaint.  Before those first Motions to Dismiss could be

considered, Southersby filed the Amended Complaint (Doc. 21),  adding four paragraphs clearly

intended to rectify any deficiencies in pleading the "shocks the conscience" requirement:

> 22.  Defendants' unequal and unlawful actions . . .  were motivated by
> bias against the plaintiff as a non-resident developer and intended
> to financially injure plaintiff in retaliation for exercising its
> constitutionally-protected right to contest Jefferson Hill's [sic]
> attempts to charge and collect certain legal escrow fees and storm
> and sanitary sewer tap fees relative to the development of Patriot
> Pointe.
>
> 23.  Upon information and belief, McVicker and other agents of
> Jefferson Hills have personal or business relationships with land
> developers or individuals who reside in the Borough and who stand
> to gain a profit or benefit from the failure of the Patriot Pointe
> development or from the plaintiff [halting] further land
> development.
>
> 24.  The defendants engaged in corruption and self-dealing such that
> their unlawful actions . . .  were motivated by an intent to harm the
> plaintiff and interfere with the development of Patriot
> for the purpose of benefitting, financially or otherwise, the
> defendants or resident land developers or individuals associated
> with the defendants, by deterring the plaintiff from seeking to
> develop other land within the Borough and causing the failure or
> foreclosure of Patriot Pointe.
>
> 38.  Defendants' arbitrary and irrational actions . . .  involve corruption,
> self-dealing, gross abuse of official power, and interference with
> constitutionally protected activities of the plaintiff, and are so
> egregious that it shocks the conscience.

The Defendants contend that these modifications, even considered against the background

of the remaining allegations, constitute unsubstantiated conclusions that do not meet the

Twombly/Iqbal /Fowler plausibility standard.  Thus, they say, Southersby has failed to allege

conduct sufficiently egregious to shock the conscience, and its substantive due process claim

fails.  The Court agrees.

Surviving a motion to dismiss requires more than raising a *possibility* of unlawful action.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 557) (internal quotation marks omitted).  Though Fed. R. Civ. P. 8  "makes a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 129 S.Ct. at 1950.

Measured against this standard, Southersby's allegations fall short.  It is as though Southersby had stated that it is a cold day in Pittsburgh, without providing a basis for its conclusion.  How do we know it is cold?  Are passersby wearing heavy coats and turning up their collars?  Is there snow in the air or frost on the windows?  Similarly, here, Southersby states, without supporting facts, that the Defendants engaged in "corruption" and "self dealing," two of the factors identified in Eichenlaub that may amount to "conscience shocking" behavior.  The allegations  in the Amended Complaint raise, at most, the *possibility* of corruption and self dealing.  The same is true with respect to facts regarding the Defendants' interference with other of Southersby's constitutional rights.[3]  As a result, it is impossible for the Court to find plausible the assertion of conscience shocking behavior.  Restated in the language used in Eichenlaub, there are no facts supporting "the allegation of corruption or self dealing."  385 F.2d at 286.  Nor are there facts to indicate that "local officials . . . [sought] to hamper development in order to

---

[3]In fact, these allegations are even more problematic because the Plaintiff fails to identify a cognizable constitutional right - other than its property interest - with which the Defendants interfered. This aspect of the substantive due process claim does not suggest even the possibility of unlawful action.

interfere with otherwise constitutionally protected activity at [Patriot Pointe], or because of some bias against an ethnic group." Id. "There was no virtual 'taking.'" Id. Here, just as in Eichenlaub, the facts alleged support a claim based on improper motive, but are insufficient to state a substantive due process claim.

**Conclusion**

For the reasons stated, the Defendants' Motions to Dismiss [Docs. 24,26]  will be granted.  An Order follows.

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 20 April, 2010

cc:    Counsel of Record via CM-ECF

9