IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHERSBY DEVELOPMENT CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOROUGH OF JEFFERSON HILLS and )<br>WILLIAM L. MCVICKER, )<br>)<br>Defendants. | Civil Action No. 09-208<br><br>Magistrate Judge Cathy Bissoon[1] |

**MEMORANDUM AND ORDER**

**I.   MEMORANDUM**

Pending before the Court are Plaintiff Southersby Development Corporation's Motion to Remand Plaintiff's State Law Negligence Claim (Doc. 50), and Plaintiff's Motion for Hearing on the Motion to Remand, or in the alternative for Leave to File Reply Brief (Doc. 54).  For the reasons stated herein, the Court will grant Plaintiff's Motion to Remand and deny Plaintiff's Motion for Hearing as moot.

**BACKGROUND**

**A. Factual Background**

Plaintiff owns property in the Borough of Jefferson Hills ("Jefferson Hills"), approved for a residential development referred to as Patriot Pointe and subdivided into Patriot Pointe Phases I, II, and III.  Am. Compl. ¶ 6 (Doc. 22).  Plaintiff entered into contracts with Defendant Jefferson Hills for the planned development of Patriot Pointe Phases I and II.  Id. at ¶¶ 8-9.

---

[1]   By consent of the parties, the undersigned sits as the District Judge in this case.  See Consent forms (Docs. 9, 11, 55).

1

Plaintiff alleges that Plaintiff and Defendant Jefferson Hills exchanged drafts of, but have not entered into, a contract for the planned development of Patriot Pointe Phase III. Id. at ¶¶ 10-13.

With respect to Patriot Pointe Phases I and II, Plaintiff alleges that Defendant Jefferson Hills and Defendant McVicker, a former employee of Defendant Jefferson Hills, selectively enforced Borough ordinances and processes and state law against Plaintiff such that Plaintiff was treated differently from similarly situated individual land developers. Id. at ¶¶ 20-21. For example, Plaintiff alleges that Defendants subjected Plaintiff to road specifications and standards, storm sewer requirements, and fees that were not required of other developers. Id. at ¶¶ 21a, 21d, 21e. Plaintiff further alleges that Defendants have intentionally delayed execution of a contract regarding planned development of Patriot Pointe Phase III. Id. at ¶¶ 21l, 21m. Plaintiff alleges that Defendants' actions have interfered with Plaintiff's development of Patriot Pointe, resulting in financial harm and loss of good will. Id. at ¶¶ 22-32.

Plaintiff also alleges that Defendant Jefferson Hills failed to adequately maintain a sewer line and water course adjacent to Patriot Pointe Phase II, resulting in unnatural soil erosion that damaged Plaintiff's property. Id. at ¶¶ 44-55.

### B. **Procedural Background**

Plaintiff brought this action in the Court of Common Pleas of Allegheny County, Pennsylvania, asserting claims under 42 U.S.C. § 1983 against Defendants Borough of Jefferson Hills ("Jefferson Hills") and William L. McVicker for denial of equal protection of the laws (Count I) and denial of substantive due process (Count II) in violation of the Fourteenth Amendment to the U.S. Constitution. Plaintiff also asserts state law claims against Defendant Jefferson Hills for negligence (Count III) and breach of contract (Count IV).

Defendants removed the state court action to this Court on February 19, 2009 pursuant to 28 U.S.C. § 1441(a). Notice of Removal ¶ 8 (Doc. 1). On March 4, 2009, Plaintiff moved to

remand the state law negligence claim to state court, asserting that this Court lacks subject matter jurisdiction over the negligence claim. Doc. 3. The Honorable Amy Reynolds Hay, who previously presided over this case, denied the motion to remand without prejudice to filing another motion to remand "at the time for filing summary judgment motions." Doc. 15. This Judge Hay subsequently dismissed Plaintiff's substantive due process claim for failure to state a claim. Docs. 32, 33.

Plaintiff filed the currently pending motion to remand (Doc. 50) on December 30, 2010, again arguing that this Court lacks subject matter jurisdiction over the state law negligence claim. Discovery is scheduled to close on February 28, 2011.

**ANALYSIS**

A. **Plaintiff's Motion to Remand is Not Premature**

As an initial matter, Defendant Jefferson Hills suggests that Plaintiff's motion to remand is premature because it should be filed at the close of discovery. However, Defendant Jefferson Hills has provided no explanation for why additional discovery is needed to resolve Plaintiff's motion. This Court therefore will resolve Plaintiff's motion now.[2]

B. **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's State Law Negligence Claim**

In a case removed from state court to federal court, the federal court must remand the case to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). This Court clearly has jurisdiction over Plaintiff's § 1983 claim (Count I) pursuant to 28 U.S.C. § 1331. This Court agrees with Plaintiff that the Court lacks supplemental jurisdiction over

---

[2] It also should be noted that this Court has vacated the prior deadlines set by Judge Hay in this case.

Plaintiff's negligence claim (Count III), because the § 1983 claim and the negligence claim do not derive from a common nucleus of operative facts.[3]

Supplemental jurisdiction over Plaintiff's negligence claim exists only if it is "so related to" Plaintiff's § 1983 claim "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Claims "form part of the same case or controversy" only if they "derive from a common nucleus of operative facts." Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995) (citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966)). A "common nucleus of operative facts" between federal and state law claims does not exist when the claims depend on distinct facts, such that there is "little overlap between the evidence relevant" to the claims. Id. at 763. Thus, supplemental jurisdiction does not exist "over state claims totally unrelated to a cause of action under federal law." Id. at 761.

While Plaintiff's § 1983 claim and negligence claim are made against Defendant Jefferson Hills and involve the same property, there is "little overlap between the evidence relevant" to the claims. Id. at 763. Plaintiff's § 1983 claim is based on Defendants' alleged treatment of Plaintiff in a discriminatory manner in comparison to Defendants' treatment of other developers. Plaintiff alleges that Defendants impeded development of Patriot Pointe by selectively enforcing Borough ordinances and procedures and state law, while other developments in Jefferson Hills were not similarly impeded. Plaintiff's negligence claim is based on Defendant Jefferson Hills' alleged failure to adequately maintain a sewer line and water course, resulting in soil erosion that damaged Plaintiff's property. Whether Defendants treated Plaintiff in a discriminatory manner is unrelated to whether Defendant Jefferson Hills negligently failed to maintain a sewer line and water course. Defendant Jefferson Hills provides no set of

---

[3] Defendant has not asserted any other basis for this Court's jurisdiction over Plaintiff's negligence claim.

facts common to Plaintiff's § 1983 and negligence claims. Because Plaintiff's § 1983 claim and negligence claim do not share a common nucleus of operative facts, this Court lacks supplemental jurisdiction over Plaintiff's negligence claim.[4]

**CONCLUSION**

For all of the reasons stated above, Plaintiff's Motion to Remand Plaintiff's State Law Negligence Claim (Doc. 50) is GRANTED. Plaintiff's Motion for Hearing, or in the alternative, for Leave to File Reply Brief (Doc. 54) is DENIED as moot.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that Plaintiff's Motion to Remand Plaintiff's State Law Negligence Claim (Doc. 50) is **GRANTED** and this claim is hereby **REMANDED** to the Court of Common Pleas of Allegheny County, Pennsylvania.

It is further **ORDERED** that Plaintiff's Motion for Hearing, or in the alternative, for Leave to File Reply Brief (Doc. 54) is **DENIED** as moot.

**IT IS SO ORDERED**.

                                                            s/ Cathy Bissoon
                                                            Cathy Bissoon
                                                            U.S. Magistrate Judge

January 18, 2011

---

[4] Defendant Jefferson Hills asserts that if this Court remands Plaintiff's negligence claim, this Court must also remand Plaintiff's contract claim (Count IV), because "the factual underpinnings of the breach of contract claim arises [sic] from the negligence claim." Doc. 53 at ¶ 17. But even a cursory review of the Amended Complaint reveals that the negligence claim and the breach of contract claim are unrelated. Doc. 22 at ¶¶ 43-61. Plaintiff alleges that some of the discriminatory conduct that violated Plaintiff's Fourteenth Amendment right to equal protection of the laws is the same conduct that breached contracts related to the development of Patriot Pointe Phases I and II. Plaintiff's § 1983 claim and breach of contract claim therefore arise out of the same nucleus of operative facts, and this Court has supplemental jurisdiction over Plaintiff's breach of contract claim.

cc (via e-mail):

All counsel of record.