IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERSBY DEVELOPMENT CORPORATION, | ) ) ) | CIVIL DIVISION |
| Plaintiff, | ) ) | No: 2:09-cv-00208-ARH |
| v. | ) ) | **MAGISTRATE JUDGE CATHY BISSOON** |
| BOROUGH OF JEFFERSON HILLS, and WILLIAM L. McVICKER, in his individual and official capacity, | ) ) ) ) ) | FILED ELECTRONICALLY |
| Defendants. | ) ) ) ) | **JURY TRIAL DEMANDED** |

## MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. RULE 26(c)

AND NOW, comes the Defendant, the Borough of Jefferson Hills, by and through its undersigned counsel, Thomas, Thomas & Hafer, LLP, and files the within Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) and in support thereof avers as follows:

1. Plaintiff Southersby Development Corporation served initial discovery requests upon the Borough of Jefferson Hills. The Borough now moves pursuant to Rule 26(c) to modify the terms of Plaintiff's discovery requests, specifically, to enlarge the timeframe for responding to the discovery from 30 days to 60 days.

2. Pursuant to the Case Management Order of July 19, 2011 entered herein, discovery was scheduled to close on January 20, 2011.

3. On December 17, 2011, Plaintiff served its "First Set of Interrogatories and Requests for Production of Documents" and "Requests for Admissions and Second Set of Interrogatories" on Defendant Borough of Jefferson Hills.

4. Pursuant to Fed.R.Civ.P. 33 and FedR.Civ.P.6(d) the Borough's responses to Plaintiff's initial discovery requests were due to be served on or before January 20, 2011, the same date upon which discovery was then scheduled to close.

5. No depositions were taken prior to December 17, 2011.

6. All parties hereto intended to complete the necessary depositions during the final weeks of discovery, and were in the process of scheduling depositions to take place during the last two weeks of the discovery period, prior to January 20, 2011.

7. Plaintiff's claims are fact-intensive and involve alleged differences in the manner in which the Borough has treated Plaintiff and seven other developers of residential developments within the Borough during the plan approval phase; the construction of infrastructure and in the home-building phase.

8. Defendant believes that the obstacles faced in complying with Plaintiff's discovery requests within the thirty days allotted under Rules 33 and 34 becomes apparent upon review of those discovery requests which are attached hereto.

9.  Plaintiff's "Requests for Admissions and Second Set of Interrogatories" includes 108 distinct requests. Further, said requests relate to events occurring over an eight year period and involving multiple current and former Borough officials and employees. A true and correct copy of the "Requests for Admissions and Second Set of Interrogatories" is attached hereto as Exhibit "A".

10. Plaintiff's "First Set of Interrogatories and Requests for Production of Documents" consists of 23 interrogatories, not including the discrete subparts thereto, and 36 requests for documents. The Interrogatories and Document Requests also relate to events occurring over an eight year period and involving multiple current and former Borough officials and employees. The Document Requests also encompass hundreds of e-mail communications which are necessarily being reviewed for privileged information. A true and correct copy of the "First Set of Interrogatories and First Request for Production of Documents" is attached hereto and marked as Exhibit "B".

11. Defendant has worked diligently to provide a response to all of Plaintiff's discovery requests in a timely manner, and will serve its response to Plaintiff's 108 "Requests for Admissions and Second Set of Interrogatories" on the current due date, January 20, 2011.

12. However, due to the breadth of Plaintiff's discovery requests and the subject matter of Plaintiff's claims, Defendant is unable to complete its responses within the time-frame provided under Rules 33 and 34. Defendant requests an additional 30 days extending the due date for its responses to the "First Set of

Interrogatories and First Request for Production of Documents" such that its responses thereto would be due February 19, 2011.

13. In light of the fact that discovery was recently extended until February 28, 2011 upon motion of counsel, Defendant did request that Plaintiff consent to a 30 day extension to respond to the discovery. Plaintiff denied that request. Plaintiff was only willing to grant an extension of 12 days.

14. Plaintiff's reason for refusing to agree to the requested extension was that it needed Defendant's responses to its discovery prior to its depositions.

15. Defendant disputes the legitimacy of Plaintiff's need for Defendant's responses prior to the taking of depositions as Plaintiff did not plan its discovery so as to receive Defendant's responses in time for use during depositions. Plaintiff served its discovery requests on the latest possible date under the Case Management Order such that Defendant's discovery responses were not due until the day of the close of discovery, January 20, 2011. Plaintiff's own discovery plan thereby precluded the use of the Borough's responses at depositions herein.

16. By a motion filed on January 7, 2011 (Doc. No. 52) discovery was extended until February 28, 2011 solely because co-defense counsel Ed Joyal requested an extension due to his unavailability during the last week of the discovery period. Attorney Joyal requested that the parties join in his Motion. Plaintiff counsel was only willing to join in the Motion if all parties did so.

17. Plaintiff has never represented that it required additional time to complete its discovery, nor did Plaintiff request an extension for discovery on the basis that it required Defendant's discovery responses before proceeding with

depositions. As such, Defendant believes that Plaintiff was, and is prepared to proceed with depositions without Defendant's discovery responses.

18. Despite its concerted efforts Defendant Borough of Jefferson Hills is unable to prepare its responses to Plaintiff's "First Set of Interrogatories and First Request for Production of Documents" in time to comply with the January 20, 2011 due date, or with Plaintiff's proposed date of February 2, 2011.

WHEREFORE, Defendant Borough of Jefferson Hills respectfully requests that this Honorable Court enter an Order pursuant to Rule 26(c) modifying the thirty day period for responding to Plaintiff's discovery and extending that period an additional 30 days until February 19, 2011.

Respectfully submitted:

**THOMAS, THOMAS & HAFER, LLP**

By /s/ Suzanne B. Merrick
    Suzanne B. Merrick, Esquire
    Pa. I.D. No. 47724
    Counsel for Defendant Borough
    of Jefferson Hills
    One Oxford Centre
    301 Grant Street, Suite 1150
    Pittsburgh, PA 15219
    (412) 697-7403

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within document was forwarded to counsel below by electronic filing on the 19th day of January, 2011.

Paul R. Robinson, Esquire
James D. Miller, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck
600 Grant Street
US Steel Tower, Suite 4850
Pittsburgh, PA  15219

Edmond R. Joyal, Jr., Esquire
Law Office of Joseph S. Weimer
975 Two Chatham Center
Pittsburgh, PA  15219

Philip Sbrolla, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Ste 700
Pittsburgh, PA 15228

**THOMAS, THOMAS & HAFER, LLP**

BY: /s/ Suzanne B. Merrick
      Suzanne B. Merrick, Esquire