## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SOUTHERSBY DEVELOPMENT    )    CIVIL DIVISION
CORPORATION,    )
    )
       Plaintiff,    )    No: 2:09-cv-00208-ARH
    )
       v.    )    FILED ELECTRONICALLY
    )
BOROUGH OF JEFFERSON HILLS, and    )
WILLIAM L. McVICKER, in his individual    )    **JURY TRIAL DEMANDED**
and official capacity,    )
    )
       Defendants.    )

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

AND NOW, comes the Defendant Borough of Jefferson Hills through its attorneys Thomas, Thomas & Hafer, LLP and files the within Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint:

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Paragraph 4 is admitted in part and denied in part. Defendant McVicker was employed by the Borough as its Public Service Coordinator. The position included the functions of Public Works Director, Zoning Officer, Building Code Inspector and Fire Marshall. It is denied that McVicker held any other positions within the Borough. It is admitted that McVicker had the ability to interpret, imply and enforce the Borough ordinances and codes relating to said positions. It is denied that he had the ability to create and enforce Borough policy.

5.      Admitted.

6.      Admitted.

7.      It is admitted that Plaintiff purchased the property now known as Patriot Pointe.   Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the remainder of the averments of Paragraph 7.

8.      Admitted.

9.      Admitted.

10.     Paragraph 10 refers to a document which speaks for itself.  To the extent that the averments of Paragraph 10 purport to restate or re-characterize the substance of that document, said averments are denied.  By way of further answer, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's averments regarding its intents or motives in sending the correspondence marked as Exhibit "C" to the Second Amended Complaint.

11.     The averments of Paragraph 11 are admitted in part and denied in part.  It is admitted that the Borough forwarded a draft of the Developer's Agreement for Patriot Pointe Phase III on or about June 27, 2009.  The averments of Paragraph 11 are denied insofar as they purport to state that said draft Developer's Agreement was submitted in an untimely manner.  It is admitted that the draft of the agreement included numerous provisions for Plaintiff's consideration, including a $200.00 per lot recreation donation, a payment of storm sewer fees and waiver of both the Plaintiff's and Borough's constitutional right to a jury trial.  It is denied that said provisions were unreasonable and/or unlawful.

12.     Admitted.

13.    It is admitted that the Developer's Agreement for Patriot Pointe Phase III was executed on or about August 24, 2009.   Paragraph 13 is denied insofar as it purports to state or imply that Defendant delayed the execution of the Developer's Agreement.  The remainder of the averments of Paragraph 13 are denied.

14.    It is denied that Plaintiff submitted its application for Phase III-B on or about August 16, 2010.  By way of further response, the application was submitted on September 27, 2010.  The remainder of Paragraph 14 is admitted.

15.    Paragraph 15 is admitted in part and denied in part.  Borough Council voted unanimously to deny preliminary approval of Phase III-B at its regularly scheduled meeting on January 10, 2011 which was less than three and a half months from the date of submission of the plan to the Borough.  Paragraph 15 is denied insofar as it purports to state or imply that there was a delay in-between the time of Plaintiff's initial submission of its subdivision plan and Borough Council's vote to deny preliminary approval of the same. By way of further answer, Plaintiff's plan came before the Planning Commission for its review at its first  regularly scheduled meeting following the date of submission of the plan and Council's decision on the plan occurred  within less than ninety days thereafter in accordance with the requirements of the Pennsylvania Municipalities Planning Code §10508.

16.    It is admitted that all times relevant hereto Jefferson Hills acted through its agents, servants and employees within the course and scope of their agency and employment.  It is denied that the Borough of Jefferson Hills has "failed to act".

## COUNT I – FOURTEENTH AMENDMENT DENIAL OF EQUAL PROTECTION
## SOUTHERSBY DEVELOPMENT CORP. V. BOROUGH OF JEFFERSON HILLS
## AND WILLIAM L. McVICKER

17.     Paragraph 17 constitutes an incorporation paragraph which requires no response.   To the extent a response may be required, Defendant incorporates Paragraph 1 through 16 above as a response thereto.

18.     Admitted.

19.     Admitted.

20.     It is admitted that the developments identified in Paragraph 20 were developed at or around the same time as Patriot Pointe.   Defendant denies Plaintiff's averment that said developments are "similarly situated" to  Patriot Pointe as Plaintiff has failed to identify or state in what respect said developments are "similarly situated". As such, Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of said averment.

21.     Upon information and belief, Defendant denies that all of the developments identified in Paragraph 21 of the First Amended Complaint were developed by companies owned and operated by residents of Jefferson Hills.

22.     The averments of Paragraph 22 are denied.

23.     The averments of Paragraph 23 including subparagraphs (a) through (p) are denied.

24.     The averments of Paragraph 24 are denied.

25.     Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the averments of Paragraph 23 regarding McVicker or other agents of Jefferson Hills having personal and business relationships with the persons described in Paragraph 23. It is specifically denied that such relationships, to the extent

they may have existed, have in any way influenced or affected the decisions or actions of the Borough with respect to the Patriot Pointe Development.

26.    The averments of Paragarph 26 are denied.

27.    The averments of Paragraph 27 are denied.

28.    The averments of Paragraph 28 are denied.

29.    The averments of Paragraph 29 are denied.

30.    The averments of Paragraph 30 are denied.

31.    The averments of Paragraph 31 are denied.

32.    The averments of Paragraph 32 are denied.

33.    It is admitted that 42 U.S.C. §1888(b) affords a prevailing Plaintiff the right to recover reasonable attorneys fees and costs.  The averments of Paragraph 33 are denied insofar as they purport to state that Plaintiff is entitled to such fees and costs, Defendant Borough of Jefferson Hills.

WHEREFORE, Defendant Borough of Jefferson Hills respectfully requests that this Court enter judgment in its favor and against Plaintiff together with costs and attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT II – FIRST AMENDMENT – RETALIATION
## SOUTHERSBY DEVELOPMENT CORP. V. BOROUGH OF JEFFERSON HILLS

34.    Paragraph 34 constitutes an incorporation Paragraph which requires no response.    To the extent a response may be required, Defendant incorporates Paragraphs 1 through 33 above as a response thereto.

35.    It is admitted that the First Amendment provides in part, the rights set forth in Paragraph 35.

36.  The averments of Paragraph 36 are admitted in part and denied in part.  It is denied that Southersby submitted its application for preliminary approval of a subdivision plan for Patriot Pointe Phase III-B on August 16, 2010.  To the contrary, said application was submitted on September 27, 2010.  The remainder of Paragraph 36 is admitted.

37.  The averments of Paragraph 37 are admitted.

38.  Paragraph 38 refers to a document which speaks for itself.  To the extent that the averments of Paragraph 38 misstate, omit or mischaracterize the provisions of §§ 803 and 804 of the Borough's Subdivision and Land Development Ordinance, Paragraph 38 is denied.

39.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's averments regarding its reasons for requesting an exception to § 610(1).   Paragraph 39 is specifically denied insofar as it purports to state or imply that Southersby provided information to the Borough representing that a gravity flow type sewer was not physically or financially practicable for Phase III-B because such a sewer type would require Southersby to haul approximately 86,000 cubic yards of landfill to significantly raise the elevation of the land by 27 feet, the cost of which would exceed the value of the lots of Phase III-B.  It is specifically denied that Plaintiff ever provided such information to the Borough and/or that Plaintiff provided any information to the Borough to meet its burden for obtaining an exception to the requirements of  § 601(1) as established   under §§ 803 and 804 of the Borough's Subdivision and Land Development Ordinance and under § 10512.1 of the Pennsylvania Municipalities Planning Code.

40.     The averments of Paragraph 40 are denied insofar as they purport to misstate or mischaracterize the provisions of the § 601(1) of the Borough's Subdivision and Land Use Ordinance, which Ordinance speaks for itself.     The averments of Paragraph 40 are further denied insofar as they purport to state that Plaintiff was somehow precluded from hauling fill into Phase IIII-B to raise the elevation of the land to a height sufficient to permit the use of a gravity flow sewer system.  To the contrary, § 601(1) permits sanitary sewers in fill areas subject to conditions approved by the Borough Engineer.  Moreover, exceptions from § 601(1)'s prohibition on the installation of sanitary sewers in fill areas may also be obtained pursuant to §§ 803 and 804 of the Borough's Subdivision and Land Development Ordinance.

41.     It is admitted that on or about November 24, 2010, almost two months after the submission of their initial application for preliminary approval, that Southersby submitted a written proposal to use a pressurized sanitary sewer system that utilized a force main and grinder pumps.  Paragraph 41 is denied insofar as it purports to state that Southersby submitted this proposal at the time of submission of its initial application for preliminary approval.

42.     The averments of Paragraph 42 are admitted in part and denied in part.  It is specifically denied that the Borough has granted a modification or exception to § 610(1)'s requirement for a conventional gravity flow sanitary sewer to any other individual or developer to whom the Borough's Subdivision and Land Development Ordinance was applicable.  It is admitted that there are individual properties within the Borough which use grinder pumps and/or force main collector lines.  It is denied that the requirements of the Subdivision and Land Development Ordinance, specifically § 610(1)

is applicable to those individual properties.  It is denied that the Borough has granted a modification or exception to the requirement for a conventional gravity flow sanitary sewer system to any other subdivision within the Borough.

43.    Paragraph 43 is denied insofar as it purports to state that the sanitary sewer system proposed to the Borough on November 24, 2010, was submitted to the Borough for its consideration prior to that date.  Paragraph 43 is further denied insofar as it states or implies that the Borough engineer's or Planning Commission's requests for detailed information regarding the design of the system implied or constituted a waiver of Plaintiff's burden to prove the need to the Borough for an exception to § 610(1)'s under §§ 803 and 804 of the Borough's Subdivision and Land Development Ordinance and § 10512.1 of the Pennsylvania Municipalities Planning. The remaining averments of Paragraph 43 are otherwise admitted.

44.    The averments of Paragraph 44 are denied insofar as they purport to state that Plaintiff timely supplied all information requested and that all information ultimately needed by the Borough to make its decision was provided.  To the contrary, Plaintiff repeatedly failed to provide requested information in response to letters requesting such information from the Borough's engineer.  It is further denied that Plaintiff ever supplied information to demonstrate that a gravity flow sanitary sewer system was "cost prohibitive".

45.    The averments of Paragraph 45 are denied.  It is denied that the Planning Commission voted against recommending preliminary approval of Phase III-B at the November 22, 2010 meeting.  To the contrary, at the November 22, 2010 meeting, the Planning Commission voted only against recommending approval for force mains with

in Phase III-B unless Plaintiff submitted a design for a sewage system which was acceptable to the Borough's Engineer along with a letter granting Borough Council an 30-day extension of the ninety day review period under §10508 of the MPC.

46.    It is admitted that Plaintiff's engineer contacted Joseph Sites of Gateway Engineers on December 17, 2010. The remainder of the averments of Paragraph 46 is denied. Plaintiff's characterization of the information requested by its engineer during the course of his communications with Sites on December 17, 2010 is specifically denied. Paragraph 46 is further denied insofar as it states or implies that the Planning Commission voted to recommend against preliminary approval of the plan for Patriot Pointe Phase III-B prior to December 17, 2010.

47.    The averments of Paragraph 47 are denied insofar as they purport to state or imply that Plaintiff's engineer provided all requested detailed site specific information which was needed by the Borough's Engineer to evaluate Plaintiff's proposed non-gravity flow sewer system. Paragraph 47 is admitted only insofar as it purports to state the Plaintiff's engineer provided some additional information following the Planning Commission's vote recommending denial of approval of the plan.

48.    The averments of Paragraph 48 are admitted.

49.    The averments of Paragraph 49 are admitted in part and denied in part. Paragraph 49 is denied insofar as it purports to state that the Borough made an exception to its gravity flow sewer system requirement when it approved the construction of a sanitary sewer system interceptor to serve multiple properties and developments within the Borough including properties within the Hunters Field development which interceptor was connected to a pump station.   It is specifically

denied that said interceptor constitutes a "pressure-based" sewer system which is equivalent or comparable to the system proposed for Patriot Pointe Phase III-B which included multiple privately owned grinder pumps and a collector line which is a force main.  The remainder of the averments of Paragraph 49 are admitted.

50.     Defendant is without sufficient information or knowledge to forma a belief as the truth or falsity of Plaintiff's allegations regarding its representatives' reasons for attending the January 5, 2011 meeting. As such said averments are denied. The remainder of the averments of Paragraph 50 is admitted.

51.     The averments of Paragraph 51 are denied.  It is denied that the Borough Engineer characterized Southersby's request to utilize a force main and grinder pumps as "reasonable".  It is specifically denied that the Borough's Engineer represented that exceptions to §610(1)'s requirement for a gravity flow sewer system had previously been granted by the Borough.

52.     The averments of Paragraph 52 are denied insofar as they purport to characterize council's concerns regarding the proposed non-gravity flow sewer system as a "residual" issue or concern that could be resolved by imposing conditions for final approval. Paragraph 52 is further denied to the extent that it implies that Southersby indicated an unequivocal intent to comply with any conditions imposed  by the Borough.

53.     Paragraph 53 is denied insofar as it purports to state that Plaintiff's request for an exception in order to use a pressure based sewer system was listed as an agenda item for the January 10, 2011 regular meeting.  The remainder of the averments of Paragraph 53 is admitted.

54.    The averments of Paragraph 54 are denied as stated.  Minutes prior to the beginning of January 10, 2011 meeting, the Borough's Engineer was approached by Plaintiff's engineer who inquired as to whether the Engineer believed that Council had any questions regarding Plaintiff's request for an exception to the requirement for a gravity flow sanitary sewer system.  Further, the Borough Engineer informed Plaintiff's engineer that Council had questions regarding Plaintiff's justification for requesting an exception to the gravity flow sewer system, and that more information was needed including the cost of the installation of a gravity flow sewer system.

55.    The averments of Paragraph 55 are denied.  At the December, 2010 Planning Commission meeting, the Plaintiff and Planning Commission members and other representatives of the Borough specifically discussed the Plaintiff's representations that a gravity flow type sewer system was not feasible, was cost-prohibitive, and regarding the need for additional information to demonstrate the non-feasibility of such a gravity flow type sewer, which would include cost information relating to the installation of the same.  Paragraph 55 is further denied to the extent that it states or implies that an applicant can meet its burden for an exception or modification under §§ 803 and 804 of the Borough's Subdivision and Land Development Ordinance (SALDO) and under § 10512.1 of the Pennsylvania Municipalities Planning Code by showing that compliance with a term of the SALDO is not "practicable".  It is denied that the plans for Phase III-B provided the grounds and facts for an exception to §610(1).

56.    The averments of Paragraph 56 are denied.  The Borough's denial of Plaintiff's request for an exception from the gravity flow sewer system requirement was based in part, on Plaintiff's failure to demonstrate that a conventional gravity flow sewer

system would exact an undue hardship on Plaintiff. The information requested by the Borough Planning Commission and Borough Engineer were needed to evaluate Plaintiff's proposed alternative system and to formulate a decision regarding the recommendation for approval of the same in the event that Plaintiff met its burden in demonstrating the need for an exception to the requirements of §610(1).

57.     Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of Plaintiff's representations that it has prepared an estimated cost analysis. Upon information and belief, Defendant denies Plaintiff's allegation that it has prepared such an estimated cost analysis as it has repeatedly requested the same, and Plaintiff has refused to provide the same.

58.     The averments of Paragraph 58 are admitted.

59.     The averments of Paragraph 59 are denied as stated. Pursuant to §§ 803 and 804 of the Borough's Subdivision and Land Development Ordinance (SALDO) and under § 10512.1 of the Pennsylvania Municipalities Planning Code, Plaintiff bore the burden of demonstrating to Borough Council why strict compliance with the requirement for a gravity flow sewer system would cause practical difficulty or exceptional and undue hardship in order to obtain a modification from Council relating thereto. Plaintiff failed to meet this burden inasmuch as it failed to provide any information as to why the gravity flow sewer system was not feasible and/or was cost-prohibitive as Plaintiff represented to the Planning Commission and Engineer. Borough Council's stated reason for denying the preliminary approval was a lack of information, including a side- by- side comparison of the costs of installation of a gravity flow system versus a non-gravity flow system. It is admitted that Borough Council did not ask specific questions about the

cost of the gravity flow sewer system at the January 5, 2011 meeting.  This allegation is denied insofar as it purports to state or imply that it should not have been obvious to Plaintiff that such information was needed inasmuch as this information had been requested by the engineer and the Planning Commission and was specifically referenced by a Council member as information which Allegheny County would require prior to approving the installation of such a system.   Paragraph 59 is further denied insofar as it purports to state that Council's meeting of January 10, 2011, was an opportunity for Plaintiff to submit additional information regarding the proposed plan. Plaintiff had been provided with ample opportunity to submit all such pertinent information, and the meeting of January 10, 2011, was a voting meeting not a discussion meeting.

60.      Paragraph 60 is admitted in part and denied in part.  It is admitted that Southersby's Engineer Matthew Horton attempted to address Council. Paragraph 60 is denied insofar as it purports to state or imply that Horton was entitled to speak. Horton did not ask to be recognized to speak during the voting portion of the meeting; did not complete a "request to speak" form prior to the meeting; and was not invited to speak. It is denied that Horton was informed that he could not address Borough Council on the subject of the cost analysis and estimate prepared. Horton did not describe the topics which he intended to address.  By way of further answer, Horton stood up and began to speak without invitation from Council and was informed that he was attempting to speak during the agenda item portion of the meeting without being invited or recognized, which was not allowed under Council's policies and rules governing the conduct of the meeting.

61.    The averments of Paragraph 61 are admitted in part and denied in part.  It is admitted that Southersby's President, Timothy Murphy stood up from his seat in the audience.  It is denied that he made the statements alleged in Paragraph 61, and /or that he "stated" anything.  Rather, Murphy commenced a loud and rambling verbal attack on Council accusing Council of various improprieties.  It is denied that Murphy had a "right to speak" at the time and place alleged.

62.    Paragraph 62 is denied as stated.  Mr. Murphy was advised that he was speaking out of turn and was out of order.  Paragraph 62 is admitted insofar as it states that Mr. Murphy did not have a right to speak at the time and place alleged.

63.    Paragraph 63 is admitted in part and denied in part.  It is admitted that a member of Borough Council instructed a police officer to remove Murphy from the meeting due to his loud and discourteous outburst.  It is  denied that a Borough Council member or Borough Solicitor instructed Borough Police Officers to arrest or physically remove Murphy from the meeting.  It is denied that the Borough suppressed Murphy's speech and/or that a cost analysis was a newly raised matter.

64.    It is admitted that Mr. Murphy picked up his belongings and voluntarily walked out of the meeting.  Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the averments that he did so as two police officers approached him.

65.    The averments of Paragraph 65 are denied.  It is denied that Plaintiff worked with the Borough for five months to fulfill all requirements for preliminary approval.    To the contrary, Plaintiff first submitted its application for preliminary approval of the plan on September 27, 2010, and thus worked for a period of a little

more than three months.  Further, Plaintiff did not submit the proposed plan for a non-gravity flow sewer system until late November, 2010.   Moreover pursuant to §§ 803 and 804 of the Borough's Subdivision and Land Development Ordinance (SALDO) and under § 10512.1 of the Pennsylvania Municipalities Planning Code Plaintiff bore the burden of demonstrating to Council that a gravity flow sewer system was not feasible, and would demonstrate exceptional or undue hardship.   Plaintiff failed to supply any information to Council to meet this burden despite having been asked by the engineer and Planning Commission to supply such information.   It is admitted that Borough Council did not allow Plaintiff an opportunity to address Council with respect to additional information during the voting portion of the January 10, 2011 meeting. Council's rules and polices governing the conduct of the meeting did afford Plaintiff an opportunity to speak at that meeting, but Plaintiff failed to submit a request to speak as was required under those rules and policies. Moreover, Plaintiff was given an opportunity to request a 30 day extension which would have eliminated Council's obligation to vote on the approval of the plan at the January 10, 2011 meeting, and allowed Plaintiff an opportunity to submit additional information to Council for its consideration prior to said vote. Plaintiff declined to request such an extension when it was suggested by the Borough that he do so.    The remainder of the averments of Paragraph 65 is admitted.

66.    It is admitted that Borough Manager Doug Arndt sent the letter which is attached as Exhibit "E" to Plaintiff's Second Amended Complaint.  The averments of Paragraph 66 are denied insofar as they purport to misstate or mischaracterize the contents of Exhibit "E" which speaks for itself.

67.   The averments of Paragraph 67 are denied insofar as they purport to misstate or mischaracterize the contents of Exhibit "E" which speaks for itself.

68.   The averments of Paragraph 68 are denied.

69.   The averments of Paragraph 69 are denied.  To the contrary, the sewer system manufacturer's representative clearly stated that there would be maintenance costs and problems for home-owners which would not be encountered by home-owners having a gravity flow sewer system.

70.   It is admitted that Plaintiff filed a lawsuit docketed at G.D. 08-020458 claiming various violations of the Municipalities Planning Code and Municipalities Authorities Act.   The averments of Paragraph 70 are denied insofar as they may misstate or mischaracterize the allegations of the pleadings set forth therein.

71.   It is admitted that Michael Adams, Esquire, as Borough Solicitor has represented the Borough in the lawsuit filed at G.D. 08-020458, and provides legal counsel to the Borough on other matters.  The averments of Paragraph 71 are denied insofar as they purport to state or imply that Borough Council denied preliminary approval of Phase III-B on the advice of its Solicitor.

72.   It is admitted that the Honorable Joseph James entered summary judgment in favor of Southersby in the civil lawsuit filed at G.D. 08-020458 in the Court of Common Pleas of Allegheny County.  The averments of Paragraph 72 are denied insofar as they purport to misstate or mischaracterize Judge James' Opinion and Order which speaks for itself.

73.   Admitted.

74.   Admitted.

75.     The averments of Paragraph 75 are denied.

76.     The averments of Paragraph 76 are denied.

77.     It is specifically denied that the Borough engaged in retaliatory conduct against the Plaintiff. The remainder of the averments of Paragraph 77 is denied.

78.     It is specifically denied that the Borough engaged in retaliatory conduct. The remainder of the averments of Paragraph 78 is denied.

79.     It is specifically denied that the Borough engaged in retaliatory conduct. The remainder of the averments of Paragraph 79 is denied.

80.     It is specifically denied that the Borough retaliated against Southersby for exercising or attempting to exercise constitutional rights.   The remainder of the averments of Paragraph 80 is denied.

81.     Defendant denies the averments of Paragraph 81 to the extent that Plaintiff purports to state or imply that it is entitled to an award of attorney's fees and/or costs and/or that it has a meritorious claim pursuant to 42 U.S.C. §1983 against the Borough.

82.     To the extent that Paragraph 82 requires a response, Defendant denies that it has engaged in any retaliation against Southersby for exercising its First Amendment rights and/or that injunctive relief is warranted on the basis of Plaintiff's claims.

WHEREFORE, Jefferson Hills Borough respectfully requests that judgment be entered in its favor and against Plaintiff together with costs and attorney's fees pursuant to 42.U.S.C. §1988.

911572-1                                    17

## COUNT III – FIRST AMENDMENT – RESTRAINT OF SPEECH
## SOUTHERSBY DEVELOPMENT CORP. V. BOROUGH OF JEFFERSON HILLS

83.     Paragraph 83 is an incorporation paragraph which requires no response. To the extent a response is necessary, Defendant incorporates herein Paragraphs 1 through 82 above.

84.     It is admitted that the First Amendment to the United States Constitution includes the right set forth in Paragraph 84.

85.     The averments of Paragraph 85 are denied.  It is specifically denied that the request for additional information regarding the Plaintiff's representations that a gravity flow system was not feasible and/or cost prohibitive was either "newly raised" at the January 10, 2011 meeting, and/or that it was arbitrary.   The remainder of the averments of Paragraph 85 are denied.

86.     The averments of Paragraph 86 are denied.

87.     The averments of Paragraph 87 are denied.

88.     The averments of Paragraph 88 are denied. By way of further answer, persons may be permitted to speak when their agenda topic is before Council if they request such permission to speak prior to the voting portion of the meeting and are invited or recognized by Council to so speak.  Plaintiff did not request such permission to speak.

89.     The averments of Paragraph 88 are denied.  By way of further answer, to the extent that Southersby was permitted to speak and address the Borough Council when a topic concerning Southersby Development activities was an agenda item before Borough Council , such speech was permitted only because a request was made to do so prior to the voting portion of the meeting. By way of further answer, previous Borough

Councils may have employed different policies or rules governing the ability to speak during the voting portion of the meeting. However, the current Jefferson Hills Borough Council has required that a request to speak be submitted prior to speaking at a Council meeting since taking office in 2008. The remainder of the averments of Paragraph 89 is denied.

90.     The averments of Paragraph 90 are denied.

91.     It is specifically denied that the Borough restrained Southersby's speech. The remainder of the averments of Paragraph 91 is denied.

92.     Defendant denies the averments of Paragraph 92 to the extent that Plaintiff purports to state or imply that it is entitled to an award of attorney's fees and/or costs and/or that it has a meritorious claim pursuant to 42 U.S.C. §1983 against the Borough.

93.     To the extent that Paragraph 93 requires a response, Defendant denies that it has engaged in any retaliation against Southersby for exercising its First Amendment rights and/or that injunctive relief is warranted on the basis of Plaintiff's claims.

WHEREFORE, Jefferson Hills Borough respectfully requests that judgment be entered in its favor and against Plaintiff together with costs and attorney's fees pursuant to 42.U.S.C. §1988.

## COUNT IV – BREACH OF CONTRACT
## SOUTHERSBY DEVELOPMENT CORP. V. BOROUGH OF JEFFERSON HILLS

94.     Paragraph 94 is an incorporation paragraph which requires no response. To the extent a response may be deemed necessary, Defendant incorporates by reference herein Paragraphs 1 through 94 above.

95.     The averments of Paragraph 95 are admitted.

96.     The averments of Paragraph 96 are denied insofar as they purport to state that Defendant Borough of Jefferson Hills failed to perform under the development agreements in good faith, and to deal fairly with Plaintiff during performance of the development agreements. At all times material hereto, Defendant Borough of Jefferson Hills did perform in good faith and deal fairly with the Plaintiff.

97.     The averments of Paragraph 97 are denied.

98.     The averments of Paragraph 98 are denied.

99.     It is denied that Defendant Jefferson Hills Borough has breached the development agreement.  As such, it is denied that Plaintiff has incurred any damages and/or injuries including the damages set forth in Paragraph 99 are the proximate result thereof.

WHEREFORE, Jefferson Hills Borough respectfully requests that judgment be entered in its favor and against Plaintiff together with costs.


## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred or limited by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff has been treated in a different manner than similarly situated persons, a rational basis exists for such difference in treatment.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant asserts all other defenses, immunities, and limitations of damages available to it under the Political Subdivision Tort Claims Act and avers that Plaintiffs' remedies, if any, are limited exclusively thereto.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of *res judicata.*

### SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, limited and/or circumscribed by its failure to file an appeal and/or to pursue other remedies afforded under the Pennsylvania Municipalities Planning Code, 53 Pa.C.S. §11001-A.

### EIGHTH AFFIRMATIVE DEFENSE

The speech which is the subject of Plaintiff's First Amendment claims is not protected speech.

### NINTH AFFIRMATIVE DEFENSE

The restrictions imposed upon Plaintiff's speech were reasonable, time, place and manner restrictions.

### TENTH AFFIRMATIVE DEFENSE

The restrictions imposed upon Plaintiff's speech were unrelated to the content of Plaintiff's speech.

## ELEVENTH AFFIRMATIVE DEFENSE

The restrictions imposed on Plaintiff's speech were viewpoint neutral.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was provided with ample alternative means or channels of communicating the information which it sought to communicate at the Borough Council meeting of January 10, 2011.

## THIRTEENTH AFFIRMATIVE DEFENSE

The restrictions imposed on Plaintiff's speech were narrowly tailored to further the Defendant's interest in avoiding disruption of the orderly and fair progress of Borough Council's discussions and meeting.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**


By      /s/ Suzanne B. Merrick
Suzanne B. Merrick, Esquire
Pa. I.D. No. 47724
Counsel for Defendant Borough
of Jefferson Hills
One Oxford Centre
301 Grant Street, Suite 1150
Pittsburgh, PA 15219
(412) 697-7403
smerrick@tthlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within document was forwarded to counsel below by electronic filing on the __24th__ day of February, 2011.

Paul R. Robinson, Esquire
James D. Miller, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck
600 Grant Street
US Steel Tower, Suite 4850
Pittsburgh, PA  15219

Philip Sbrolla, Esquire
Carolyn Batz, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Ste 700
Pittsburgh, PA 15228

**THOMAS, THOMAS & HAFER, LLP**

By:   /s/ Suzanne B. Merrick
        Suzanne B. Merrick, Esquire