IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERSBY DEVELOPMENT CORPORATION, | ) ) ) | CIVIL DIVISION |
| Plaintiff, | ) ) | No: 2:09-cv-00208 |
| v. | ) ) | **MAGISTRATE JUDGE MAUREEN P. KELLY** |
| BOROUGH OF JEFFERSON HILLS, and WILLIAM L. McVICKER, in his individual and official capacity, | ) ) ) ) | FILED ELECTRONICALLY |
| Defendants. | ) ) ) ) | **JURY TRIAL DEMANDED** |

**DEFENDANT BOROUGH OF JEFFERSON HILLS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

AND NOW, comes the Defendant, the Borough of Jefferson Hills, by and through its undersigned counsel, Thomas, Thomas & Hafer, LLP, and files the within Response to Plaintiff's Motion for Leave to File a Third Amended Complaint whereof the following is a statement:

1.      Defendant Borough of Jefferson Hills joins in and incorporates by reference herein Defendant William McVicker's Response to Plaintiff's Motion for Leave to File a Third Amended Complaint and further responds as is set forth below.

2.      Plaintiff seeks to file a third Amended Complaint resurrecting its previously dismissed Fourteenth Amendment substantive due process claim on the basis of allegations that the Borough intentionally failed to submit an application for a sewer

module planning exemption for Southersby's development, Patriot Pointe to the Pennsylvania Department of Environmental Protection (PaDEP) in order to serve the Borough's own financial interests.[1]

3.      Defendant Borough of Jefferson Hills opposes Plaintiff's Motion for Leave to File a Third Amended Complaint as Plaintiff's allegations are without legal merit or evidentiary support.

4.      Plaintiff's proposed substantive due process claim is premised on the assumption that the Borough was legally responsible for ensuring that Plaintiff's application for a sewage planning module exemption was submitted to Pennsylvania's Department of Environmental Protection (PaDEP).

5.      In its Motion, Plaintiff conflates the Borough's legal obligations to update and revise its "Official Plan" for sewage services [2] with a land developer's right to apply for a sewer planning module exemption under 25 Pa. Code § 71.51, which if approved by the PaDEP, eliminates the requirement for the Borough to fulfill its duty to revise or supplement its "Official Plan." [3]

---

[1] The Plaintiff's Fourteen Amendment substantive due process claim was dismissed by the Memorandum Opinion and Order of Magistrate Judge Amy Reynolds Hay of April 20, 2010 (Doc. No's. 32 and 33).

[2] 35 P.S. § 750.5 provides:
    (a) Each municipality shall submit to the department an officially adopted plan for sewage services for areas within its jurisdiction within such reasonable period as the department may prescribe, and shall from time to time submit revisions of such plan as may be required by rules and regulations adopted hereunder or by order of the department: Provided, however, That a municipality may at any time initiate and submit to the department revisions of the said plan. Revisions shall conform to the requirements of subsection (d) of this section and the rules and regulations of the department

[3] (2) Revisions for new land development and supplements are not required for subdivisions proposing a connection to or an extension of public sewers when all of the following have been met:

(i) The Department or delegated agency determines that existing collection, conveyance and treatment facilities are in compliance with The Clean Streams Law and the rules and regulations thereunder.

(ii) The Department or delegated agency determines that the permittees of the receiving sewerage

6.   The Pennsylvania Code makes it clear that it is not the municipality which is responsible for submitting the information to PaDEP which is needed for its consideration of an exemption. Rather, the Code places the burden on the "applicant" to provide the DEP with written certification that the collection, conveyance and waste treatment facilities to the municipality in which the subdivision is located have adequate capacity to handle the additional waste to be generated by the proposed development.

7.   "Information in support of a request for a sewage facilities planning exemption under this section shall be submitted on a form provided by the Department" 25 Pa Code § 71.51. The instructions for that planning exemption form make it clear that it is the responsibility of the applicant/private developer to submit the application for the exemption to the DEP. (See Exhibit "A" hereto, "DEP Instructions for Completing Sewage Facilities Planning Module Application Mailer.")

8.   Although Plaintiff's counsel elicited testimony from William McVicker at his deposition wherein he purportedly acknowledged transmitting planning exemption forms

---

facilities have submitted information under Chapter 94 (relating to municipal wasteload management) which documents that the existing collection, conveyance and treatment system does not have an existing hydraulic or organic overload or 5-year projected overload.

(iii) The applicant has provided written certification from the permittees of the collection, conveyance and treatment facilities to the municipality in which the subdivision is located and the Department or delegated agency with jurisdiction over the municipality in which the subdivision is located that there is capacity to receive and treat the sewage flows from the applicant's proposed new land development and that the additional wasteload from the proposed new land development will not create a hydraulic or organic overload or 5-year projected overload.

(iv) The municipality has a current approved sewage facilities plan update revision which is being implemented. For the purposes of exempting a subdivision from completing sewage facilities planning under this section, the phrase "a current approved sewage facilities plan update revision which is being implemented" shall include official plans of municipalities which are not under an order from the Department to submit an update revision or special study for the area in which the subdivision is proposed.
25 Pa. Code § 71.51 (emphasis added).

to the PaDEP for review and determination, additional records produced herein, but not

shown to McVIcker show that planning exemption forms were submitted to PaDEP by

other developers. (See letter of January 24, 2007, from Pa. DEP "returning planning

exemption form mailer for the South Ridge Subdivision Plan to developer Don Housely;

letter of March 8, 2006, from Engineer for developer of Blackwood Pointe residential

development forwarding sewer planning exemption to Pa. DEP; and letter of February

5, 2003, forwarding letter from Triangle Engineering forwarding sewer planning exempt

module application mailer for Scenery Hill development to Pa. DEP.    Collectively

marked as Exhibit "B") Furthermore,   McVicker's testimony only suggests that on

occasion, the Borough transmitted exemption forms to the PaDEP. It does not suggest

that the Borough was responsible for ensuring that Plaintiff's or any other developer's

planning exemption forms were submitted to the PaDEP.

9.    Moreover, Plaintiff's claim that the Borough failed to process the

exemption form for "conscience-shocking" reasons is without factual support. Plaintiff

rests on vague and conclusory allegations that that Borough had a "financial

arrangement" with other developers.

9.    Plaintiff avers in its Motion that the Borough intentionally withheld its

sewage planning exemption form and processed those of the other developments

because it was motivated by its need to obtain approval of the sewage planning

exemptions for the Hunter's Field and Mills School developments as quickly and

cheaply as possible in order to allow the Borough to repay its debt service through

sewer tap fees collected through the purchase of lots within the Hunter's Field and Mill

School developments.

10.     Significantly, Plaintiff fails to inform the Court that the Borough's purported financial interest in the Mill School and Hunter's Field developments could not have existed in late 2003, as Plaintiff contends, as the Borough had no arguable "financial interest" in those developments until June 1, 2005 when it entered into a "Sewer Extension and Reimbursement Agreement" with the developers of Hunter's Field and the Jefferson Estates developments. (See, June 1, 2005, "Sewer Extension and Reimbursement Agreement" attached hereto as Exhibit "C"; and "Sewer Extension Agreement" executed between the Clairton Municipal Authority and the Borough of Jefferson Hills dated June 1, 2005, attached hereto as Exhibit "D".

11.     Plaintiff avers that it submitted its application for sewer planning exemption for Patriot Pointe on or about October 27, 2003. The "financial interest" upon which the Plaintiff relies in claiming that the Borough's purported failure to submit this form to the PaDEP was "conscience-shocking" did not arise until June, 2005.

12.     As Plaintiff acknowledges within its Motion, the facts alleged in Plaintiff's Motion for Leave to File Third Amended Complaint are "subsumed in the Second Amended Complaint for purposes of the Equal Protection and Breach of Contract causes of action asserted in the Second Amended Complaint."

13.     Plaintiff's sole purpose in filing its Third Amended Complaint is to resurrect its Fourteenth Amendment substantive due process claim based upon allegations relating to the alleged failure to submit a sewer planning exemption form to Pa. DEP in October, 2003.

14.     As the uncontroverted facts show that the Borough had no debt obligations or "financial interest" with respect to the interceptor which serve the Hunter's

Field, Mill School and Jefferson Estates developments at the time of the purported failure to submit its planning exemption form to the PaDEP in 2003, Plaintiff can point to no plausible facts to support its claims that the sewer planning exemption was not processed by the Borough for reasons that "shock the conscience".

15.     Plaintiff cannot state a plausible claim for a violation of its Fourteenth Amendment substantive due process rights. As such, an amendment to the Second Amended Complaint would be futile. Accordingly, Defendant Borough of Jefferson Hills respectfully requests that this Honorable Court deny Plaintiff's Leave to File its Third Amended Complaint.

WHEREFORE, Defendant Borough of Jefferson Hills respectfully requests that this Honorable Court deny Plaintiff's Motion for Leave to File its Third Amended Complaint.

Respectfully submitted:

**THOMAS, THOMAS & HAFER, LLP**

By:     _/s/  Suzanne B. Merrick_
          Suzanne B. Merrick, Esquire
          Counsel for Defendant Borough of
          Jefferson Hills
          One Oxford Centre
          301 Grant Street
          Suite 1150
          Pittsburgh, PA  15219
          (412) 697-7403

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within document was forwarded to counsel below by electronic filing only on the 20th day of June, 2011.

Paul R. Robison, Esquire
James D. Miller, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck
600 Grant Street
US Steel Tower, Suite 4850
Pittsburgh, PA 15219

Philip Sbrolla, Esquire
Carolyn Batz, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Ste 700
Pittsburgh, PA 15228

**THOMAS, THOMAS & HAFER, LLP**

By:    */s/  Suzanne  B.  Merrick*
Suzanne B. Merrick, Esquire