IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUTHERSBY DEVELOPMENT CORPORATION, | No. 2:09-cv-00208 |
| Plaintiff, | MAGISTRATE JUDGE MAUREEN P. KELLY |
| v. | PAUL R. ROBINSON, ESQUIRE PA I.D. #65581 |
| BOROUGH OF JEFFERSON HILLS AND WILLIAM L. McVICKER, in his individual and official capacity, | JAMES D. MILLER, ESQUIRE PA I.D. #209679 |
| Defendants. | ELECTRONICALLY FILED |
| | **JURY TRIAL DEMANDED** |

## REPLY TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

AND NOW, comes the plaintiff, SOUTHERSBY DEVELOPMENT CORPORATION ("Southersby"), by and through its attorneys, MEYER, DARRAGH, BUCKLER, BEBENEK, & ECK, P.L.L.C., filing its Reply to Defendants' Responses to Plaintiff's Motion for Leave to File Third Amended Complaint:

The responses filed by defendants, Borough of Jefferson Hills ("Borough") and William L. McVicker ("McVicker"), argue that Southersby's request for leave to file its Third Amended Complaint is an attempt to resurrect Southersby's previously dismissed Fourteenth Amendment substantive due process claim, but this simply is not true. The substantive due process claim asserted in the original complaint was premised on the conduct detailed in the original complaint; whereas the substantive due process claim that

P0943379.1

Southersby seeks to assert in its Third Amended Complaint is based only on the Borough and McVicker intentionally withholding the completed application for planning exemption for Patriot Pointe provided to it by Southersby.  Southersby has learned of the Borough and McVicker's intentional withholding of the planning exemption application only recently, and has suffered financial harm from that intentional act only within the past two months. Southersby clearly is not attempting to "resurrect" the substantive due process claim that was previously dismissed at the initial pleading stage of this civil action, but is asserting a new claim.

In opposing Southersby's motion, the Borough and McVicker also apply the wrong standard for assessing whether the motion should be granted.  Pursuant to Federal Rule of Civil Procedure, leave to amend "shall be freely given when justice so requires."  It is an abuse of discretion to deny leave to amend unless "plaintiff's delay in seeking amendment is undue, made in bad faith, prejudicial to the opposing party, or [the amendment] fails to cure the jurisdictional defect," Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir.1992); see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that it is abuse of discretion to deny leave to amend absent a clear or declared reason such as delay, bad faith, prejudice, or a repeated failure to cure a problem in the complaint).  While leave to amend may be denied if the amendment would be futile, it may be deemed futile only if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. Smith v. NCAA, 139 F.3d 180, 190 (3d Cir.1998), rev'd on other grounds, 525 U.S. 459, 119 S.Ct. 924, 142 L.Ed.2d 929 (1999).

Here, the only basis on which the Borough and McVicker challenge the Third Amended Complaint is futility of the amendment. <u>See</u> Borough's Response to Plaintiff's Motion for Leave to File Third Amended Complaint, ¶ 15; McVicker's Response to Plaintiff's Motion for Leave to File Third Amended Complaint, ¶ 7. The Borough and McVicker, however, reference documents and "record evidence" that are outside the proposed Third Amended Complaint and Southersby's motion for leave, which cannot be considered in determining whether leave to amend should be granted, or whether the Third Amended Complaint would survive a Rule 12(b)(6) motion to dismiss. Simply stated, Southersby's Third Amended Complaint contains sufficient allegations that, if accepted as true, establish a cause of action for violation of substantive due process under the Fourteenth Amendment. The arguments of the Borough and McVicker consisting of the position that there is "insufficient evidence" to support the substantive due process claim are best reserved for a motion for summary judgment if the defendants choose to file such a motion at the appropriate time.

Furthermore, it is incomprehensible that the Borough and McVicker maintain that it is not the Borough's responsibility to ensure that all necessary documents for sewage planning or exemption from sewage planning are submitted to and approved by the Pennsylvania Department of Environmental Protection ("PaDEP") for new subdivisions. Both 35 P.S. § 750.5 and 25 Pa.Code §§ 71.51 <u>et. seq.</u> expressly provide that sewage planning is the responsibility of the municipality, as well as the April 4, 2011 letter of the PaDEP (attached to Southersby's motion for leave as Exhibit A), and the Sewage Facilities Planning Module Application Mailer attached to the Borough's Response as Exhibit A. In

fact, the very first full paragraph of the application mailer states: "Act 537 Sewage Facilities'
planning is the duty of local municipalities.  The responsibility of meeting the sewage
disposal needs of the municipality rests with the municipality."  See Borough's Response,
Exhibit A, p. 1.  In a June 2, 2011 letter to the Borough, the PaDEP even expressly reminds
the Borough that "[i]f the developers have not prepared the [sewage planning] modules for
you or are not submitting them in a timely manner, or with the appropriate fees, it will be up
to Jefferson Hills Borough to rectify this situation by preparing, submitting the modules and
sending the appropriate application fees."  See June 2, 2011 Letter of PaDEP, attached
hereto as Exhibit 1.

          The arguments of the Borough and McVicker, moreover, disregard the fact that the
Borough and McVicker never signed the planning exemption portion of the application, nor
did they return the application mailer back to Southersby with the instruction that the
Borough expected Southersby to submit it to the PaDEP despite the Borough's legal
obligations under the Sewage Facilities Act.  Instead, the Borough and McVicker received
the application for sewage planning exemption for Patriot Pointe and did nothing with it,
unlike the subdivisions of Hunters Field and Mill School for which the Borough and
McVicker not only signed the planning exemption application, but promptly submitted it to
the PaDEP as well.  Under the Sewage Facilities Act, Southersby could not have submitted
the planning exemption application to the PaDEP without the signature of a Borough
official as the Borough and McVicker contend in their responses, nor did Southersby have
knowledge that the Borough allegedly expected Southersby to submit the planning
exemption application to the PaDEP instead of the Borough.

P0943379.1                              4

Finally, the Borough's argument that the Borough had no financial interest in the progress of the Hunters Field and Mill School until June 1, 2005 is misleading. Based on documents obtained from the Borough in discovery, the Borough's engineer began planning and designing the sewer extension for the Hunters Field and Mill School subdivisions in early 2003 and 2004, which means the Borough was incurring engineering expenses at that time. See February 2003 Lick Run Project Notes and August 2004 Engineer's Report, attached hereto as Exhibit 2. Ultimately, the Borough needed to collect tap fees from those developments to recoup these expenses, in addition to legal expenses, which the Borough could not accomplish until lots in those subdivisions were ready for sale. The signing of the Sewer Extension and Reimbursement Agreement in 2005 did not create the Borough's incentive to ensure that the Hunters Field and Mill School subdivisions were approved by the PaDEP; instead, the fact that a formal agreement was not signed by all parties of interest until that date gave the Borough more reason to use its official powers to ensure that the approval process and progress of those developments went smoothly so the developers had no reason to abandon their planned developments.

The Borough's apparent and inexplicable preferential treatment and favoritism for the Hunters Field and Mill School subdivisions, moreover, is undeniable based on the evidence of record, and creates a genuine issue of material fact whether the Borough's inaction on Patriot Pointe's application for planning exemption was intentional and motivated by its interest in having the sewer planning for Hunters Field and Mill School approved. The Borough not only offered the Hunters Field and Mill School subdivisions an extraordinary and uncharacteristic financial arrangement to construct sewage facilities

servicing those developments that was not offered to other developments in the Borough, but (1) the Borough had its own engineer prepare the sewer design, (2) the Borough handled submission of the sewage planning documents to the PaDEP, (3) the Borough was actively trying to expedite the progress of the sewage planning and approval for those subdivisions (as evidenced by the Borough's documents, correspondence, and deposition testimony); and, (4) the Borough requested that Clairton Municipal Authority not raise the tap fee amount for ten years for only those developments and Jefferson Estates. The Borough also is not charging the Hunters Field and Mill School developments the standard sanitary sewer tap fee of $1,500 that it charges for connections to sewage facilities constructed at the expense of the developer for all other developments in the Borough.

The evidence of record is voluminous, and involves detailed information from which, at the very least, reasonable inferences can be drawn that the Borough's withholding of the application for planning exemption was intentional. Nonetheless, the defendant's treatment of their responses to the motion for leave to file the Third Amended Complaint as defacto motions for summary judgment is improper. Southersby intends to produce and summarize all evidence in support of its substantive due process claim if leave is granted to file the Third Amended Complaint and the defendants subsequently file motions for summary judgment. However, at this stage, the Borough and McVicker have failed to show that the substantive due process claim in the Third Amended Complaint is futile or would not survive a Rule 12(b)(6) motion to dismiss. Therefore, leave to file the Third Amended Complaint is proper and should be granted.

CONCLUSION

For the foregoing reasons, Southersby's motion for leave to file Third Amended Complaint, respectfully, should be granted and leave should be given to allow Southersby to file the Third Amended Complaint.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

By: /s/ James D. Miller
    PAUL R. ROBINSON, ESQUIRE
    JAMES D. MILLER, ESQUIRE

    Counsel for plaintiff, Southersby
    Development Corporation

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA  15219
    (412) 261-6600
    (412) 471-2754 - Fax
    Email:  probinson@mdbbe.com
            jmiller@mdbbe.com

P0943379.1

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been

served upon all parties by electronic filing on the date listed below:

Suzanne B. Merrick, Esquire
Thomas, Thomas & Hafer, LLP
One Oxford Centre
301 Grant Street, Suite 1150
Pittsburgh, PA 15219
(*Counsel for Borough of Jefferson Hills*)

Philip Sbrolla, Esquire
Carolyn C. Batz, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA 15228
(*Counsel for Willliam L. McVicker*)

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:  July 5, 2011                    By: /s/ James D. Miller
                                       PAUL R. ROBINSON, ESQUIRE
                                       JAMES D. MILLER, ESQUIRE

P0943379.1