## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERSBY DEVELOPMENT CORPORATION, | ) ) ) | CIVIL DIVISION |
| Plaintiff, | ) ) | No:  2:09-cv-00208 |
| v. | ) ) | **MAGISTRATE JUDGE MAUREEN P. KELLY** |
| BOROUGH OF JEFFERSON HILLS, and WILLIAM L. McVICKER, in his individual and official capacity, | ) ) ) ) | FILED ELECTRONICALLY |
| Defendants. | ) ) ) ) | **JURY TRIAL DEMANDED** |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

AND NOW, comes the Defendant, the Borough of Jefferson Hills, by and through its undersigned counsel, Thomas, Thomas & Hafer, LLP, and files the within Brief in Opposition to Plaintiff's Motion to Compel:

### I.      COUNTER-STATEMENT OF PROCEDURAL HISTORY

Plaintiff commenced this action on September 12, 2008 by the filing of a Praecipe for Writ of Summons in the Court of Common Pleas of Allegheny County.  On January 22, 2009, Plaintiff filed a Complaint asserting claims pursuant to 42 USC §1983 and state law claims.  On February 19, 2009, Defendants removed the within action to federal court, pursuant to 28 USC §1446.

Plaintiff's Complaint asserted violations of its rights to equal protection of the laws and substantive due process as guaranteed under the Fourteenth Amendment,

along with state law claims of negligence and breach of contract. On July 27, 2009, Defendants filed Motions to Dismiss under Fed. R. Civ. P. 12(b)(6), seeking the dismissal of Plaintiff's substantive due process claim as set forth in Count II of the Complaint.

On August 20, 2009, in response to the Motions to Dismiss, Plaintiff filed an Amended Complaint purporting to set forth the necessary grounds for relief on its substantive due process claim. Defendants subsequently filed Motions to Dismiss Plaintiff's Amended Complaint on September 3, 2009. On April 20, 2010, this Court issued an Order granting the Motions to Dismiss Count II of Plaintiff's Amended Complaint.

On February 11, 2011, Plaintiff filed its Second Amended Complaint, asserting additional violations under the First Amendment for retaliation and restraint of speech by Defendant, the Borough of Jefferson Hills. On June 15, 2011, Plaintiff filed a Motion for Leave to File Third Amended Complaint, which is pending in this Court. Plaintiff seeks to amend its Second Amended Complaint to once again include a claim for denial of substantive due process pursuant to 42 USC §1983. On July 25, 2011, Plaintiff filed a Motion to Compel Production of Documents Withheld by Defendant, the Borough of Jefferson Hills ("Defendant" or "Borough").

## II.    COUNTER-STATEMENT OF RELEVANT FACTS

Plaintiff, Southersby Development Corporation ("Plaintiff"), is the owner and developer of property known as Patriot Pointe, which is approved for residential development and located within the Borough of Jefferson Hills. Plaintiff alleges that during the course of its effort to develop its property, Defendants, the Borough of

972236-1                              2

Jefferson Hills, and its former employee, William McVicker, have subjected it to the discriminatory and selective application and enforcement of Borough ordinances, processes, standards and fees, without a legitimate government purpose.

In Plaintiff's Second Amended Complaint, Plaintiff asserts violations of its Equal Protection rights under the Fourteenth Amendment, violations under the First Amendment for retaliation and restraint of speech and breach of contract. Plaintiff alleges that the Defendants' actions were motivated by their bias against Plaintiff as a "non-resident developer" and because Plaintiff contested the Borough's right to charge certain fees. Plaintiff's Second Amended Complaint, ¶ 24.

On December 17, 2010, Plaintiff served its "First Set of Interrogatories and Requests for Production of Documents" and "Requests for Admissions and Second Set of Interrogatories" on Defendant Borough of Jefferson Hills. Plaintiff's "Requests for Admissions and Second Set of Interrogatories" included 108 distinct requests, relating to events occurring over an eight-year period and involving multiple current and former Borough officials and employees. Plaintiff's "First Set of Interrogatories and Requests for Production of Documents" consisted of 23 interrogatories, not including the discrete subparts thereto, and 36 requests for documents. These Interrogatories and Document Requests also related to events occurring over an eight-year period, involving multiple current and former Borough officials and employees, and encompassed hundreds of email communications which the Borough reviewed for privileged information.

The Borough worked diligently to provide a response to all of Plaintiff's discovery requests and served its written responses to Plaintiff's requests on February 21, 2011. As a result of the great volume of documents involved in Plaintiff's discovery requests,

the Borough allowed Plaintiff to personally inspect the documents that the Borough produced at the Borough's office building.

On March 10, 2011 and March 31, 2011, Plaintiff requested that the Borough produce a privilege log for any responsive documents withheld and to produce several specific documents. On April 13, 2011, the Borough provided the requested privilege log and produced some of the requested documents, but withheld the remaining documents because: (1) the documents were neither requested nor reasonably encompassed by Plaintiff's Document Requests; (2) all documents responsive to Plaintiff's Document Requests which were in the possession, custody or control of the Borough were made available to Plaintiff for its inspection; and/or (3) no such requested documents existed. Subsequently, Plaintiff requested certain emails to be produced.  In response, the Borough re-evaluated the requested documents, and upon reconsideration and further review, produced those documents that had been mistakenly withheld and objected to the production of the remaining requested documents based on the previous objections as well as the work-product doctrine.  The Borough amended its privilege log and submitted the same to Plaintiff.

On April 22, 2011, Plaintiff filed a Motion to Compel Production of Documents by Defendant, the Borough of Jefferson Hills.  On April 25, 2011, this Court denied Plaintiff's Motion to Compel and directed the parties to confer further regarding the discovery dispute.  The parties were able to resolve some, but not all, of the issues in the dispute. On May 18, 2011, a telephone conference was held to discuss the remaining discovery disputes.  As a result of the telephone conference, the Court directed the Borough to amend its privilege log regarding documents that were withheld and held that the

972236-1                                    4

Borough had no further obligation to confirm the non-existence of documents in light of the Borough's representation that the Borough had produced for Plaintiff's inspection all non-objectionable, responsive documents. On June 22, 2011, the Borough provided Plaintiff an amended privilege log, pursuant to the Court's directive. The Borough also produced approximately fifty (50) other emails to Plaintiff and withheld the remaining documents on the basis of attorney-client privilege and the work product doctrine. In response, on July 25, 2011, Plaintiff filed another Motion to Compel Production of Documents Withheld by Defendant, the Borough of Jefferson Hills.

## III.   ARGUMENT

**A.   PLAINTIFF'S MOTION TO COMPEL MUST BE DENIED BECAUSE THE DOCUMENTATION SOUGHT IS PROTECTED BY THE ATTORNEY-CLIENT AND/OR WORK PRODUCT PRIVILEGES.**

The oldest common law privilege for confidential communications is the attorney-client privilege. In re Teleglobe Communications Corp., 493 F.3d 345, 359 (3d Cir. 2007) (citing Klitzman, Klitzman & Gallagher v. Krut, 744 F.2d 955, 960 (3d Cir. 1984)); Peterson v. Wallace Computer Systems, Inc., 984 F. Supp. 821, 824 (D. Vt. 1997). The privilege protects confidential communications between a client and lawyer when legal advice has been sought from the lawyer in his capacity as such. Long v. Anderson Univ., 204 F.R.D. 129 (S.D. Ind. 2001). The privilege "is not confined to facts disclosed, in relation to suits actually depending at the time, but extends to all cases in which a client applies . . . to his counsel or attorney . . . for his aid in the line of his profession." Teleglobe, 493 F.3d at 360 (Parker v. Carter, 18 Va. 273, 4 Munf. 273, 1814 WL 667, at *9 (Va. 1814)). This is because so confining the privilege would discourage clients from seeking the advice of counsel before problems arise. Id. (citing Parker, at *9). The

privilege promotes complete and frank communication between the attorney and client by allowing the client to safely seek representation of his interests and empowering the attorney to provide sound legal advice. Waugh v. Pathmark Stores, Inc., 191 F.R.D. 427 (D. N.J. 2000); Peterson, 984 F. Supp. at 824  (each citing Upjohn v. United States, 449 U.S. 383, 389 (1981).  The Third Circuit has held that the privilege applies where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and the (4) privilege has been (a) claimed and (b) not waived by the client.

In re Grand Jury Investigation, 599 F.2d 1224, 1233 (3rd Cir. 1979) (quoting United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950).

Similarly, the work product doctrine as expressed in Federal Rule of Civil Procedure ("Rule") 26(b)(3), shields from discovery those "documents and tangible things that are prepared in anticipation of litigation or for trial *by or for another party* or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" and  are not discoverable, absent a showing of "substantial need for" the otherwise relevant materials and inability to obtain their substantial equivalent by other means without undue hardship. Fed.R.Civ.P. 26(b)(3)(A)(emphasis added). The privilege exists to provide a "zone of privacy for strategic litigation planning" without intrusion from opposing counsel. Peterson, 984 F. Supp. at 826.  Two types of work product exist: (1) fact work product and (2) core work product (attorney's mental

impressions, conclusions, opinions, legal theories, etc.). <u>McGrath v. Nassau Co. Health Care Corp.</u>, 204 F.R.D. 240 (E.D. NY 2001).  To overcome the privilege for fact work product, the party seeking production must demonstrate substantial need for the materials, and the inability, without undue hardship, of obtaining the materials from some other way.  <u>Long</u>, 204 F.R.D. at 134; <u>McGrath</u>, 204 F.R.D. at 243.  If the information can be obtained via interviews or depositions, the privilege is not overcome.  <u>See</u> <u>McIntyre v. Main Street and Main Inc.</u>, 2000 U.S. Dist. LEXIS 19617 (N.D. Ca. 2000).  Core work product is afforded "special protection" because it is "the most sacrosanct of all forms of work product." <u>Krisa v. The Equitable Life Assurance Society</u>, 196 F.R.D. 254, 258 (M.D. Pa. 2000) (citations omitted); <u>In re Grand Jury</u>, 599 F.2d at 1231 (citing Fed.R.Civ.P. 26(b)(3)).  As such, it is "discoverable only in a 'rare situation.'"  <u>In re Grand Jury</u>, 599 F.2d at 1231 (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 513 (1947).  Furthermore, the doctrine attaches to materials created prior to litigation actually commencing if the documents were created in expectation of litigation. <u>Id.</u> at 1229.

The documentation sought by Plaintiff is subject to the attorney-client privilege and/or the work product doctrine.  Since receiving notice of initiation of the instant litigation in September 2008, Borough employees and officials have routinely consulted with the Borough Solicitor (William Shimko and Mike Adams) with respect to matters involving Plaintiff and its developments. Plaintiff's claims are on-going as is evidenced by its filing of three Amended Complaints, such that additional litigation is more than reasonably anticipated in almost every encounter with the Plaintiff.  Throughout this time, counsel has continually advised the Borough on matters related to this litigation

and has communicated with Borough members and employees with regard to matters reasonably anticipated to result in further litigation.  Accordingly, the materials sought by Plaintiff fall within the ambit of the attorney-client privilege or the more inclusive work product doctrine.

B.    **THE ARGUMENTS AND CASES CITED IN PLAINTIFF'S MOTION TO COMPEL FAIL TO SUPPORT ITS CLAIM THAT THE DISPUTED DOCUMENTS ARE NOT SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE AND/OR WORK PRODUCT PRIVILEGE.**

Plaintiff cites to several cases, and provides a short description of the legal proposition of each case in its Motion to Compel; however, Plaintiff offers unsupported legal conclusions, mis-states the applicability of the law relied upon therein; and/or fails to apply or  to explain the applicability of the cases upon which it relies in moving to compel production of the disputed emails.

Plaintiff submits, without elaboration that the disputed emails are not privileged because they were disclosed to employees who did not need them.  Paragraphs 25 and 26 of Plaintiff's Motion to Compel Plaintiff read:

> In the corporate context, "[t]he privilege is waived if the communications are disclosed to employees who did not need access to them." SmithKline Beecham Corp. v. Aptoex Corp., 232 F.R.D. 467, 476 (E.D. Pa. 2005) (internal citations omitted).

> For example, in Reed v. Baxter, 134 F.3d 351 (6th Cir. 1998), the court held that the attorney client privilege did not protect a meeting between a government attorney, certain members of a city council, and city officials at which the attendees discussed a claim of reverse discrimination in the promotion of a police officer because "the interests of the councilmen and the interest of the city executives were not the same.  The councilmen were not clients at a meeting with their lawyer.  Rather, they were elected officials investigating the reasons for executive behavior."

Plaintiff fails to offer any argument as to how these two cases apply to the instant case.  Plaintiff merely cites to the above cases without any further analysis.  Plaintiff

fails to explain the basis for the proposition that the disputed communications were disclosed to Borough employees who did not need access to them. Moreover, Defendant submits that it is apparent from the identity of the person listed in its privilege log that the Borough employees and officials who had access to the emails were the employees who were involved in the Borough functions relating to planning, inspection, approval and other development related functions, and who had a legitimate need to access such emails. Reed which is cited in Paragraph 26 appears to be similarly inapposite. The allegedly privileged communications at issue in Reed were determined not to be protected by the attorney-client privilege because the interests of the council-members and city executives who were meeting with the city attorney were adverse to one another. The city councilmen were in the process of investigating the city executives. Here, there is nothing to suggest that the Borough employees and officials who received and/or sent the disputed emails had interests adverse to one another as in Reed.

Plaintiff also appears to propose that unless the Solicitor's name appears after the line beginning with "To:" rather than the line beginning with "Cc:" in an email the email cannot be subject to the attorney-client privilege. Plaintiff cites to one case in support of this contention. In Paragraph 27 of the Motion, Plaintiff writes:

> E-mails or written communications in which in-house or outside attorneys are merely copied or one of many recipients also are not privileged unless the e-mail or written communication is directed to the attorney or sent by the attorney. Otherwise, parties would be allowed "to evade the privilege limitations by sending copies of every company generated e-mail [or written communication] to the company's attorney so as to protect the communication from discovery, regardless of whether legal services were sought or who the other recipients of the e-mail were." In re Aventel, S.A., 343 F.3d 311, 321 n. 11 (5th Cir. 2033).

Plaintiff fails to note that <u>In re Avantel</u> was a diversity jurisdiction case in which the Court of Appeals applied the law of Texas governing the attorney-client privilege. Here, the Court has federal question jurisdiction which requires it to apply federal common law governing the attorney–client privilege. <u>Wm. T. Thompson Co. v. General Nutrition Corp., Inc.,</u> 671 F.2d 100, 103 (3d Cir. 1982). Further, contrary to Plaintiff's suggestion, the Court of Appeals in <u>In re Avantel</u> actually concluded that the documents that were at issue which were "merely copied" to an attorney might still be privileged under Texas law, and directed the district court to reconsider its previous determination that they were not. Further, the language which appears in Paragraph 27 above was quoted from the district court's opinion, and does not represent the holding of the Court of Appeals. Plaintiff cites to no precedent, binding or otherwise, in support of its proposition that emails are only privileged if the email is *directed* to the attorney or sent by the attorney as Plaintiff claims. Accordingly, this contention does not provide a legitimate basis to challenge the Defendant's assertion of privilege to emails which were copied to the Borough Solicitor, rather than directed to him.

Plaintiff also suggests that the disputed emails are not privileged because they are "communication[s] between a government lawyer and a government employee" which "carry the force of law or governmental policy." Plaintiff's Motion to Compel ¶ 28. Plaintiff cites to one case in support of this contention, <u>Tax Analysts v. IRS</u>, 117 F.3d 607, 619 (D.C. Cir. 1997)  Defendant submits that the emails herein are not even distantly analogous to the IRS "Field Service Advice Memoranda" (FSA)  which were the subject of the dispute in <u>Tax Analysts</u>. The FSA were prepared by the IRS' Office of

Chief Counsel, and for seemingly good reason were found not to be protected from

disclosure by the attorney-client privilege. The Court reasoned,

> "Matters are different in the governmental context, when the counsel rendering the legal opinion in effect is making law. Here, the Office of Chief Counsel is one of the principal tax lawgivers within the Executive Branch. Nearly all the interpretations of the tax laws the IRS applies in assessing and collecting taxes emanate from the Office of Chief Counsel. The Office drafts formal regulations (Treasury Decisions), Revenue Rulings, Private Letter Rulings, Technical Advice Memoranda, Treasury Memoranda, General Counsel Memoranda and Actions on Decisions. As we have discussed previously, FSAs issued by the Chief Counsel create a body of private law, applied routinely as the government's legal position in its dealings with taxpayers. ... Under those decisions, FOIA exemption 5 and the attorney-client privilege may not be used to protect this growing body of agency law from disclosure to the public.

Tax Analysts, Id., 117 F.3d 619 (D.C. Cir. 1997)

Defendant submits that there is no fact to suggest that the Borough Solicitor's

communications with Borough employees relating to anticipated or pending litigation

with Plaintiff herein could have the effect of creating "a body of private law, applied

routinely as the government's legal position" as was the case in Tax Analysts, Id. , nor

has Plaintiff pointed to one. The emails at issue here are simply do not carry the force of

law and cannot be construed a documents which are comparable to the advisory

memoranda    of    the    Chief    Legal    Counsel    of    the    IRS.

Plaintiff also states in conclusory fashion in Paragraph 36 of its Motion to Compel that "there is significant cause to not accept the Borough's claims of attorney-client privilege based on the brief descriptions provided." According to Paragraph 32 of Plaintiff's Motion to Compel, "in many instances, the description of the e-mail attempts to establish attorney-client privilege simply by asserting that the e-mail was sent 'for review and legal advice.'" This characterization of the descriptions within the log is not accurate. In actuality, the entries in the Borough's privilege log do not simply state that an email is for review and legal advice; rather, each entry provides a brief description of the subject matter of the legal advice sought or given without disclosing its entire contents. For example, the privilege log describes Document JH0131 as an "email regarding Jefferson Hills' "plans of action" for nine Borough issues as presented for solicitor's review and legal advice"; Document JH0125 is an "email string regarding Patriot Pointe – Independence Drive – Grading and Slope Easement Agreement as presented to John Shepherd (Borough Manager), Mr. Shimko (and others) for review and legal advice"; and Document JH0099 is an "email string regarding status of Patriot Pointe meetings as presented by Mr. Shimko including updates, suggestions and legal advice offered from Mr. Shimko and response regarding same." These descriptions clearly establish the applicability of the attorney-client privilege and/or work product doctrine. Any further disclosure would in essence require that the Borough provide Plaintiff with the very information that the attorney-client privilege and/or work product doctrine seeks to protect.

C.     **PLAINTIFF'S MOTION TO COMPEL MUST BE DENIED BECAUSE THE DEFENDANT HAS NOT WAIVED THE ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGES.**

Paragraph 38 of Plaintiff's Motion to Compel asserts that documents with Bates Numbers JH0116 and JH0316 "have persons who are known to not be employees or officials of the Borough listed on the e-mails and, therefore, those communications cannot be privileged."  This contention is without merit, as Document JH0316 is an email from Joe Sites , of Gateway Engineers (the Borough's appointed engineer), to the Borough's Planning/Zoning Officer, Allen Cohen, and copied to other Borough employees: Renee Salvi, Toni Trasp, Sherry Trbovich, Doug Arndt and Ruthann Omer, also of Gateway Engineers.  As this communication is between only employees and officials of the Borough, no privilege has been waived.  Further, Document JH0116 is protected by the work product doctrine.

Document JH0116 is an email string regarding information that Attorney William Shimko (Solicitor's Office) was seeking from Borough employees that was *accidentally* copied to a Jon Deck when Joe Sites transmitted the final email on the email string. Deck's name does not appear elsewhere in the string. John Deck apparently is a state employee, but a non-adversary whose interests were not adverse to those of the Borough. The accidental disclosure of Document JH0116 to Jon Deck did not waive the protection of the work product doctrine. The work product doctrine exists to protect an attorney's work from falling into the hands of *an adversary*.  Vanguard Savings and Loan Association v. Banks, 1995 U.S. Dist. LEXIS 13712, *13 (E.D. Pa. 1995) (Westinghouse Elec. Corp. v. Republic of the Philippines, 951 F.2d 1414, 1427-28 (3rd Cir. 1991); United States v. American Tel. and Tel. Co., 206 U.S. App. D.C. 317, 642

F.2d 1285, 1299 (D.C. Cir. 1980) (purpose of work product doctrine is to protect information against opposing parties, rather than against all others outside a particular confidential relationship, in order to encourage effective trial preparation)). A disclosure to a third party does not necessarily waive the protection of the work product doctrine. Id. (citing Westinghouse, 951 F.2d at 1427-28). Instead, a waiver occurs only if a voluntary disclosure enables an adversary to gain access to the information. Id. (citing Westinghouse, 951 F.2d at 1428). If the disclosure is either inadvertent or made to a non-adversary, it is appropriate to ask whether the circumstances surrounding the disclosure evidenced conscious disregard of the possibility that an adversary might obtain the protected materials. Id. at *13-14 (citing Westinghouse, 951 F.2d at 1431 ("Fear of waiving the doctrine's protection by an inadvertent disclosure, or by a disclosure to a non-adversary, might well chill attorneys from fully preparing their cases.")).

An unintentional carbon copy of this email string JH0116 to a non-adversary with no connections to Plaintiff would not lead the Borough to believe that Plaintiff would be able to gain access to the information contained therein. The circumstances surrounding this disclosure do not in any way evidence conscious disregard of the possibility that Plaintiff might obtain the protected materials, as required under the above case law. Accordingly, Document JH0116 is protected by the work product doctrine, as the Borough did not waive this protection by inadvertently copying an email to a non-adversary.

Paragraph 39 of Plaintiff's Motion to Compel asserts that documents with Bates Numbers JH0339, JH0362, JH0592 and JH0607 "do not even have an attorney

included on the communication.   Therefore, the attorney-client privilege should not apply." This contention is without merit, as Document JH0339 consists of an email string in which Attorney William Shimko of the Solicitor's Office provided legal advice to Borough employees, thus epitomizing the very essence of what the attorney-client privilege is designed to protect.  Documents JH0362 and JH0592 are protected under the work product doctrine, as both email communications were made in anticipation of litigation and involve Borough strategies.   JH0362 centers around the issuance of occupancy permits and JH0592 deals with Document JH0607 is an email between Borough employees regarding bullet points to be submitted to the Solicitor, Mike Adams, and Attorney William Shimko of the Solicitor's Office, which is protected by both the attorney-client privilege and the work product doctrine.

Paragraph 44 of Plaintiff's Motion to Compel states that "the Borough claims that e-mails regarding Patriot Pointe Phase 3B, such as documents JH0551, JH0558, JH0559, JH0560, JH0561, JH0595, JH0596, JH0597, JH0598, JH0599 and JH0600, are work product even though those communications occurred before the Borough had all information related to the Phase 3B plan, before the Borough Council discussed the Phase 3B plan with the plaintiff at the January 5, 2011 agenda meeting, and before or on the same day that the Borough Council voted to deny preliminary approval of Phase 3B on January 10, 2011." This argument is misplaced. Plaintiff's principle federal claim is that it has been subjected to an ongoing deprivation of its Fourteenth Amendment right to equal protection. On three occasions Plaintiff has sought to amend its Complaint to assert additional violations of its constitutional rights. The logical and natural consequence of Plaintiff's theory of liability and readiness to cry "foul" is that every

submission, application or transaction involving the Borough and Plaintiff entails the reasonable likelihood of additional litigation. The Borough reasonably anticipated additional litigation arising out of Plaintiff's request for a special exception from the Borough's requirement for gravity flow sewer systems for its development of Patriot Pointe Phase III-B. As such  documents JH0551, JH0558, JH0559, JH0560, JH0561, JH0595, JH0596, JH0597, JH0598, JH0599 and JH0600 do fall within the ambit of work product even though.  Moreover, "the proof is in the pudding." Plaintiff did amend its Complaint to include additional claims relating to its application for approval of Phase III-B, and those claims are being pursued despite the Borough's ultimate approval of the development.  As such  Defendant submits that documents JH0551, JH0558, JH0559, JH0560, JH0561, JH0595, JH0596, JH0597, JH0598, JH0599 and JH0600 are subject to the work product doctrine, as these communications were made in anticipation of further litigation. ("The attorney-client privilege "is not confined to facts disclosed, in relation to suits actually pending at the time, but extends to all cases in which a client applies . . . to his counsel or attorney . . . for his aid in the line of his profession." Teleglobe, 493 F.3d at 360 (Parker v. Carter, 18 Va. 273, 4 Munf. 273, 1814 WL 667, at *9 (Va. 1814)).

Paragraph 48 of Plaintiff's Motion to Compel states that the Borough claims that documents with Bates Numbers JH0135-142, JH0144-160, JH0081, JH0163-171 and JH0173-178 "are work product even though they involve land developments other than Southersby's Patriot Pointe development, such as Chamberlain Ridge and Castor Farms, which certainly cannot be accepted as being prepared in anticipation of this

litigation." First, JH0081 *does* pertain to Patriot Pointe. Thus, JH0081 will be excluded from the remainder of this analysis.

Plaintiff's Second Amended Complaint provides:

>       20.    Residential property developments within the boundaries of Jefferson Hills, referred to as Chamberlain Ridge, Scenery Hill Phase III, Woods of Jefferson Hills Phase III and Castor Farms were developed at or around the same time as Patriot Pointe, and are similarly situated to Patriot Pointe.
>       21.    Upon information and belief, Chamberlain Ridge, Scenery Hill Phase III, Woods of Jefferson Hills Phase III and Castor Farms were developed by companies owned and operated by residents of Jefferson Hills.
>       22.    Jefferson Hills, by and through its officials, employees and agents, and McVicker, in his individual and various official capacities, under color of state law, have intentionally, or with reckless indifference to Southersby's constitutionally protected rights, enforced Borough ordinances and processes and state law against Southersby in a selective manner that is wholly arbitrary, irrational, and capricious such that Southersby was treated differently, without a legitimate government purpose, from other similarly situated individuals and land developers, including those developers specifically described herein.

Plaintiff's Second Amended Complaint, ¶¶ 20-22.

Plaintiff thus asserts an equal protection claim wherein it allege differences in the manner in which the Borough has treated Plaintiff and seven other developers of residential developments within the Borough during the plan approval phase, the construction of infrastructure and the home-building phase. As Plaintiff's claims involve the alleged disparate treatment of Plaintiff as compared to the above-named developments, including Chamberlain Ridge and Castor Farms, the documents at issue certainly are relevant to the instant litigation. Contrary to Plaintiff's contention, these documents were prepared in anticipation of litigation, and, as such, are entitled to protection under the work product doctrine.

972236-1                                    17

## IV.    CONCLUSION

For the foregoing reasons, Defendant, the Borough of Jefferson Hills, respectfully

requests that the Plaintiff's Motion to Compel be denied.


Respectfully submitted:

**THOMAS, THOMAS & HAFER, LLP**


By:    /s/  Suzanne B. Merrick
          Suzanne B. Merrick, Esquire
          Counsel for Defendant Borough of
          Jefferson Hills
          One Oxford Centre
          301 Grant Street
          Suite 1150
          Pittsburgh, PA  15219
          (412) 697-7403

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within document was

forwarded to counsel below by electronic filing only on the 28th day of July, 2011.


Paul R. Robison, Esquire
James D. Miller, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck
600 Grant Street
US Steel Tower, Suite 4850
Pittsburgh, PA 15219


Philip Sbrolla, Esquire
Cipriani & Werner, P.C.
650 Washington Road, Ste 700
Pittsburgh, PA 15228


**THOMAS, THOMAS & HAFER, LLP**


By:     */s/  Suzanne  B.  Merrick*
          Suzanne B. Merrick, Esquire