IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SOUTHERSBY DEVELOPMENT     )
CORPORATION,                      )
                     Plaintiff     )
                             )
       vs.                    )      Civil Action No. 09-208
                             )      Magistrate Judge Maureen P. Kelly
BOROUGH OF JEFFERSON HILLS;   )
WILLIAM L. McVICKER, in his     )
individual and official capacity,      )
                 Defendants   )


**<u>MEMORANDUM OPINION</u>**


In a Motion filed pursuant to Fed. R. Civ. P. 15(a) [Doc. 73], Plaintiff in this land use

action brought pursuant to 42 U.S.C. § 1983, asks the Court to permit the filing of a Third

Amended Complaint to set forth a substantive due process claim. The Motion will be denied.

On April 20, 2010, this Court entered an Amended Memorandum Opinion and Order

dismissing the substantive due process claim of Plaintiff Southersby Development Corporation,

("Plaintiff" or "Southersby") because the facts alleged were insufficient to state a claim upon

which relief could be granted. Citing <u>Eichenlaub v. Twp. Of Indiana</u>, 385 F.3d 274 (3d Cir.

2004), this Court observed that a cognizable substantive due process claim in a land use context

must allege conduct that "may fairly be said to shock the contemporary conscience," involving

corruption or self-dealing, or interference with an otherwise constitutionally protected activity at

the project site. Mem. Op. 4/20/11 at 6. In <u>Eichenlaub</u>, the Court found allegations that

municipal officials selectively closed a building to block the provision of legal abortion services

were sufficient to state a claim for the violation of substantive due process, as were allegations

that local officials authorized an auction of property where the principal defendant's friends were

alleged to have been engaged to perform auction services. See, Associates in Obstetrics &

Gynecology v. Upper Merion Township, 270 F. Supp.2d 633 (E.D. Pa. 2003), and, see, Conroe

Creosoting Co. v. Montgomery County, 249 F.3d 337 (5th Cir. 2001).

In this case, Plaintiff's Motion for Leave to File a Third Amended Complaint attempts to

allege facts fitting within these parameters, contending that Defendants William L. McVicker

("McVicker") and the Borough of Jefferson Hills ("the Borough") withheld sewage planning

exemptions from Plaintiff's Patriote Point Development ("Patriot Pointe"), while granting

exemptions to two other developments, Hunter's Field and Mill School. In addition, Plaintiff

alleges that Defendants improperly failed to submit Plaintiff's application for a sewage

exemption to the Pennsylvania Department of Environmental Protection. Plaintiff claims that

this disparate treatment is motivated by "self-dealing" in that the municipality is alleged to have

a financial interest in the success of the Hunter's Field and Mill School developments because it

will receive sewer tap fees at the time the lots in those developments are purchased. [Doc. 73,¶

10]. Plaintiff alleges that these fees will be used by the municipality to repay municipal debt

service acquired to construct sewer facilities in the Hunter's Field and Mill School

developments. Id.

Notably absent from the proposed amendments are any allegations connecting the alleged

disparate treatment of Plaintiff's proposed development to the type of *private* pecuniary gain

found to "shock the conscience," and therefore to state a claim for a substantive due process

violation. See, e.g., Conroe Creosoting Co. v. Montgomery County, 249 F.3d 337 (5th Cir. 2001),

and see, Kolodziej v. Borough of Elizabeth, 2008 WL 4858295 (W.D. Pa. 2008). In Kolodziej,

this Court found that allegations of self-dealing were sufficient to state a claim because the complaint at issue alleged that the mayor and building inspector "resented Plaintiff for acquiring the [property] as they too want to acquire, develop and market it as a commercial office," for private pecuniary benefit. Thus, it was alleged that "they decided to assert their authority to hinder or prevent plaintiff from developing the property." Kolodziej, *1. The Court concluded that the defendants' alleged abuse of authority for their own private gain sufficiently "shocked the conscience" to state a viable substantive due process claim. Id., *4. Similarly, in Conroe Creosoting Co. v. Montgomery County, 249 F.3d 337 (5th Cir. 2001), the involved municipal officers were alleged to have undertaken an illegal auction in order to divert fees to their personal friends.

Here, in comparison, the facts are less serious and amount, at best, to an improper delay of a sewage exemption and the failure to submit the Patriot Pointe development plan to the Pennsylvania Department of Environmental Protection. These allegations do not rise to the level of impropriety considered actionable under Eichenlaub. See, also, Locust Valley Golf Club, Inc. v. Upper Saucon Township, 391 Fed. Appx. 195, 199 (C.A.3 (Pa.)); Blain v. Township of Radnor, 167 Fed. Appx. 330, 333 (C.A.3 (Pa.)) (denial of subdivision request not actionable, regardless of Township solicitor's opinion that proposed plan confirmed with all requirements). Simply put, the proposed amendments do not allege conduct that "shocks the conscience."

The proposed Third Amended Complaint therefore does not state a claim for a violation of

Plaintiff's substantive due process rights. Accordingly, because the proposed amendment would

be futile, Plaintiff's Motion for Leave to File a Third Amended Complaint is denied.[1]


/s/ *Maureen P Kelly*
United States Magistrate Judge




cc:     Counsel of Record via CM-ECF

---

[1] <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (a plaintiff does not have the right to amend a complaint when doing so would be inequitable or futile). Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss. <u>Massarsky v. General Motors Corp</u>., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (198<u>3), Jablonski v. Pan American World Airways, Inc</u>.,  863 F.2d 289, 292 (C.A.3 (Pa.),1988)