IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERSBY DEVELOPMENT CORPORATION, | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-208 |
| | ) | Magistrate Judge Maureen P. Kelly |
| BOROUGH OF JEFFERSON HILLS; | ) | |
| WILLIAM L. McVICKER, in his | ) | Re: ECF Nos. 78, 87 |
| individual and official capacity, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a Motion to Compel Production of Documents Withheld By Defendant Borough of Jefferson Hills ("the Motion to Compel"), filed by Plaintiff, Southersby Development Corporation ("Southersby"). ECF No. 78.

In April 2011, Southersby filed a Motion to Compel Production of Documents Withheld By Defendant Borough of Jefferson Hills.   ECF No. 66.   In the initial motion, Southersby alleged that the privilege log submitted by Defendant Borough of Jefferson Hills ("the Borough") was insufficient to justify withholding the communications identified in the log.   On May 18, 2011, then Magistrate Judge Cathy Bissoon determined that the Borough's initial privilege log was not meaningful and directed the Borough to produce a privilege log consistent with the directions of the Court.   ECF No. 70.

Southersby filed a second Motion to Compel, ECF No. 78, which is now before the Court.   In the Motion to Compel, Southersby argues that the Second Amended Privilege Log submitted by the Borough, not only remains insufficient to assess whether the attorney-client privilege or the work product doctrine applies, but in many instances it appears clear that they do

1

not.   As such, Southersby seeks the production of all 573 documents withheld by the Borough. Southersby also objects to the Borough being the sole arbiter of whether the documents at issue are properly withheld and requests, short of granting the Motion to Compel outright, that the Court conduct an in camera inspection of the documents at issue or appoint a Special Master to do so.

The Borough has maintained its position that the documents being sought are protected by the attorney-client privilege and/or the work product doctrine and that Southersby has failed to show otherwise.   ECF No. 80.

In order to resolve the attorney-client privilege and work product doctrine issues, the Court declined to conduct an in camera inspection of the 573 documents.   Instead, the Court appointed a Special Master, respected attorney Charles Gibbons, to review the documents in dispute and advise the Court as to the propriety of their being produced.   ECF No. 83.

After meeting with counsel for the parties and conducting an in-depth review of each of the 573 disputed documents, that include what the Special Master "conservatively estimates to be approximately 3,000 emails," Special Master Gibbons issued a Report and Recommendation on September 13, 2011, in which he recommends that the Southersby's Motion to Compel be granted in part and denied in part.   ECF No. 87.   The Report and Recommendation also contained a 95 page document that set forth an individual recommendation as to each of the 573 documents.   ECF No. 87-1.   Following his review, the Special Master found that the Borough's argument that certain e-mails were "even arguably privileged is, as Learned Hand once wrote, a proposition to extravagant to be maintained."   ECF No, 87, p. 2.   He also found that while some of the documents are protected by the attorney-client privilege and/or the work product doctrine,

2

others are not and should be produced.   In addition, it was recommended that some of the documents be produced with certain portions redacted.

The Borough filed objections to the Special Master's Report and Recommendation on September 28, 2011, ECF No. 93, challenging his recommendation with respect to 23 of the 573 documents listed in the Second Amended Privilege Log.   Although Southersby filed a "Response of Southersby Development Corporation to the Borough of Jefferson Hills' Objections to the Report and Recommendation of the Special Master," it has not addressed any of the Borough's objections but merely reiterates the arguments set forth in its Motion to Compel.

On a related issue, Southersby also objects to having to contribute to the costs incurred by the Special Master in advising the Borough which portions of which documents should be redacted since it was the Borough's responsibility under the Rules of Civil Procedure to undertake that task in the first instance.   As well, Southersby requests that sanctions be imposed upon the Borough for over-claiming documents that are protected by the attorney client privilege and/or work product doctrine.   ECF No. 108.

In the Order appointing the Special Master, this Court stated that it would consider a motion of any party to amend the 50/50 allocation of fees after it ruled on the Report and Recommendation of the Special Master.   EFC No. 83.   Consequently, to the extent that Southersby's response constitutes a Motion to Reallocate, it may be meritorious but it is premature.   The same is true as to a Motion for Sanctions.

The Court has reviewed the parties' submissions, the Special Master's Report and Recommendation and the Borough's objections thereto.   It has also conducted a de novo review of the twenty-three recommendations of the Special Master to which the Borough objects. With

the exception of one recommendation that appears to be in need of clarification, the Court finds the Borough's objections to be without merit.   The documents to which the Borough objects are largely communications between Borough employees that the solicitor has simply been copied on and/or are emails that merely contain factual data, some of which was obtained from third parties.   Insofar as the Borough objects to the Special Master's recommendations regarding the extent to which documents should be redacted, the Borough's objections come a little late in the day.   As argued by Southersby, and found by the Special Master, where an e-mail thread contains both privileged and non-privileged communications, the Borough should have taken it upon itself to assert the privilege, redact what it reasonably believed to be privileged and produce the remainder of the document.   See Fed. R. Civ. P. 34.   The Borough chose not to engage in that exercise but, instead, withheld these document *in their entirety* despite Southersby's complaints.   Under these circumstances, the Borough cannot now be heard to complain that the Special Master has recommended that too little be redacted.

With respect to Document JH0574,the Borough has objected to the Special Master's recommendation that it be produced in its entirety because it is duplicative of Document JH0573 which the Special Master has recommended be produced but with portions redacted.   Although the Special Master has indeed recommended that Document JH0574 be produced, he also refers the Court to Document JH0573.   Given that the documents at issue are exact duplicates, the Court finds that the Special Master's intention was to recommend that Document JH0574 be produced *in the same manner* as Document JH0573.   In the interest of clarity, however, the Court finds that the first e-mail in Document JH0574 should be redacted and that the balance of the document should be produced.

4

Accordingly, for the reasons set forth above,

IT IS HEREBY ORDERED that the Report and Recommendation of the Special Master, ECF No. 87, is adopted as the opinion of the Court, and that Southersby's Motion to Compel Production of Documents Withheld by Defendant Borough of Jefferson Hills, ECF No. 78, is GRANTED in part and DENIED in part.   The Motion is granted with respect to the documents, and portions of documents, that the Special Master has found are not protected under either the attorney-client privilege or the work product doctrine, and denied in all other respects.

IT IS FURTHER ORDERED that the Borough is directed to produce the documents, and portions of documents, that the Special Master has recommended be produced by the close of business on November 17, 2011.

IT IS ALSO ORDERED that any Motion to Reallocate or Motion for Sanctions must be filed by November 18, 2011, and include a proposed order.

BY THE COURT,


/s/ Maureen P. Kelly
United States Magistrate Judge


cc:     Counsel of Record via CM-ECF

5