IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOUTHERSBY DEVELOPMENT CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 09-208 |
| | ) | Magistrate Judge Maureen P. Kelly |
| BOROUGH OF JEFFERSON HILLS; WILLIAM L. McVICKER, in his individual and official capacity, | ) ) ) | Re: ECF No. 115 |
| Defendants. | ) | |

## **OPINION AND ORDER**

Presently before the Court is the Motion to Reallocate Special Master's Costs and For Sanctions (the "Motion to Reallocate"), filed by Plaintiff, Southersby Development Corporation ("Southersby"). ECF No. 115.

**I.     PROCEDURAL HISTORY**

In April 2011, Southersby filed a Motion to Compel Production of Documents Withheld By Defendant Borough of Jefferson Hills. ECF No. 66. In the initial motion, Southersby alleged that the privilege log submitted by Defendant Borough of Jefferson Hills ("the Borough") was insufficient to justify withholding the communications identified in the log. On May 18, 2011, then Magistrate Judge Cathy Bissoon determined that the Borough's initial privilege log was not meaningful and directed the Borough to produce a privilege log consistent with the directions of the Court. ECF No. 70.

Southersby filed a second Motion to Compel. ECF No. 78. In the Motion to Compel, Southersby argued that the Second Amended Privilege Log submitted by the Borough not only remained insufficient to assess whether the attorney-client privilege or the work product doctrine

1

applies, but in many instances it appeared clear that they did not.  As such, Southersby sought the production of all 573 documents withheld by the Borough.  Southersby objected to the Borough being the sole arbiter of whether the documents at issue were properly withheld and requested, short of granting the Motion to Compel outright, that the Court conduct an in camera inspection of the documents or appoint a Special Master to do so.

The Borough maintained the position that the documents being sought were protected by the attorney-client privilege and/or the work product doctrine and that Southersby had failed to show otherwise.  ECF No. 80.

In order to resolve the attorney-client privilege and work product doctrine issues, the Court declined to conduct an in camera inspection of the 573 documents.  Instead, the Court appointed a Special Master, respected attorney Charles Gibbons, to review the documents in dispute and advise the Court as to the propriety of their being produced.  ECF No. 83.

After meeting with counsel for the parties and conducting an in-depth review of each of the 573 disputed documents, that include what the Special Master "conservatively estimates to be approximately 3,000 emails," Special Master Gibbons issued a Report and Recommendation on September 13, 2011, in which he recommended that the Southersby's Motion to Compel be granted in part and denied in part.  ECF No. 87.  The Report and Recommendation also contained a 95 page document that set forth an individual recommendation as to each of the 573 documents.  ECF No. 87-1.  Following his review, the Special Master noted the "patent lack of privileged communications" in hundreds of emails withheld by the Borough and found that the Borough's argument that certain e-mails were "even arguably privileged is, as Learned Hand once wrote, a proposition too extravagant to be maintained."  ECF No. 87 at p. 2.  He also found that

while some of the documents are protected by the attorney-client privilege and/or the work product doctrine, others are not and should be produced. In addition, the Special Master recommended that some of the documents be produced with certain portions redacted.

The Borough filed objections to the Special Master's Report and Recommendation on September 28, 2011, ECF No. 93, challenging his recommendation with respect to 23 of the 573 documents listed in the Second Amended Privilege Log.

Southersby filed a "Response of Southersby Development Corporation to the Borough of Jefferson Hills' Objections to the Report and Recommendation of the Special Master" on October 12, 2011. ECF No. 108. Southersby also objected to having to contribute to the costs incurred by the Special Master in advising the Borough which portions of which documents should be redacted since it was the Borough's responsibility under the Federal Rules of Civil Procedure to undertake that task in the first instance. Southersby requested that sanctions be imposed upon the Borough for over-claiming documents that are protected by the attorney client privilege and/or work product doctrine. Id.

In the Order appointing the Special Master, this Court stated that it would consider a motion of any party to amend the 50/50 allocation of fees *after* it ruled on the Report and Recommendation of the Special Master. EFC No. 83.

Following review by this Court of the parties' submissions, the Special Master's Report and Recommendation and the Borough's objections thereto, as well as a de novo review of the twenty-three recommendations of the Special Master to which the Borough objected, this Court issued a Memorandum Order on November 10, 2011, ordering that:

> (a) the Report and Recommendation of the Special Master, ECF No. 87,

>was adopted as the opinion of the Court, and that Southersby's Motion to Compel Production of Documents Withheld by Defendant Borough of Jefferson Hills, ECF No. 78, was GRANTED in part and DENIED in part. Plaintiff's Motion to Compel was granted with respect to the documents, and portions of documents, that the Special Master found were not protected under either the attorney-client privilege or the work product doctrine, and denied in all other respects.
>
>    (b) the Borough was directed to produce the documents, and portions of documents, that the Special Master had recommended be produced by the close of business on November 17, 2011.
>
>    (c) any Motion to Reallocate or Motion for Sanctions was to be filed by November 18, 2011.

ECF No. 114.

On November 18, 2011, Southersby filed the instant Motion to Reallocate. ECF No. 115. Southersby has requested that this Court require the Borough to pay all of the fees and costs of the Special Master. Southersby provides a detailed chronology of the alleged discovery misconduct by the Borough including: the initial withholding of relevant documents without any notification; ignoring Southersby's multiple requests for a sufficient privilege log; and creating a "moving target" with regard to its claims of attorney-client privilege and work product. Southersby points out that the Special Master found no privilege to 85% of the documents withheld by the Borough. Southersby also seeks sanctions against the Borough in the form of the payment of all of the attorney's fees and costs incurred by Southersby in addressing the issues involved with the improper withholding of documents by the Borough.

The Borough filed a Reply in Opposition to Plaintiff's Motion to Reallocate on December 2, 2011. ECF No. 116. The Borough argues that the underlying facts of the discovery dispute at issue do not warrant the shifting of the entire burden of the Special Master's fees. The

Borough asserts that the Special Master found that the withheld documents were privileged in large part, such that its withholding of those documents cannot be deemed unreasonable.

## II. DISCUSSION

In considering Southersby's Motion to Reallocate and the Borough's response, the Court notes at the outset that of the approximately 570 documents at issue, the Special Master found that 79 should be produced in their entirety and that another 238 be produced albeit with portions redacted. As such, 317 documents -- well over half of the documents reviewed -- were found to have been inappropriately withheld by the Borough. Moreover, in many instances the Special Master found that there was nothing in the communication that "even remotely implicat[es] either the attorney-client privilege or work product doctrine." ECF No. 87 at p. 2. In addition, in admonishing the Borough for failing to redact those documents that contained both privileged and non-privileged information, the Special Master categorized the task as being "most tedious and time-consuming." Id. at p. 3.

Under these circumstances, the Court agrees with Southersby that it should not be required to pay fifty percent of the costs incurred by the Special Master in reviewing documents that are obviously not protected and in assessing what portions of certain documents should be redacted. Indeed, had the Borough produced the documents that clearly do not fall within the attorney-client privilege or work product doctrine, redacted the portions of the other documents that are protected and/or produced a sufficient privilege log, the necessity of appointing a Special master would likely have been avoided. See Commonwealth of Pennsylvania v. Local Union 542, Int'l Union of Operating Engineers, 507 F. Supp. 1146, 1163 (E.D. Pa. 1980) (internal citations omitted), aff'd, 648 F.2d 923 (3d Cir. 1981), rev'd on other grounds, 458 U.S. 375

(1982) ("[t]he cost of a master should be borne by the party or parties whose conduct necessitated the reference to the master"); Glover v. Udren, 2011 WL 5445232 at *3 (W.D. Pa. Nov. 9, 2011) ("[r]ule 53(g) permits a court to consider the extent to which any party is more responsible than the other party for the reference to the master when determining allocation of cost of the referral").   The Court therefore will reallocate the costs of the Special Master accordingly.

This having been said, the Court declines to impose sanctions on the Borough other than the reallocation of costs.   Rule 37(a) authorizes a party to move for an order compelling disclosure or discovery.   Fed. R. Civ. P. 37(a)(1).   Rule 37(a)(3)(B) specifically allows a party to seek an order compelling the production of documents requested under Rule 34.   If a party "fails to obey an order to provide or permit discovery, including an order under ... 37(a)," the court may sanction the failing party according to Rules 37(b)(2)(A)(i)-(vii) & (C).   Although it is clear that the Borough has not been particularly helpful in the discovery process, it has not, as of yet, disobeyed any court orders or failed to produce the documents that the Special Master recommends, and the Court presently orders, should be produced.

Accordingly, for the reasons set forth above,

IT IS ORDERED that the allocation of costs incurred by the Special Master in determining which documents and/or portions of documents were privileged or should be partially redacted in order to protect the Borough's claim of privilege shall be reallocated.

Based on the unequivocal findings of the Special Master and the review of this Court, the Borough shall be responsible for 100% of the costs of the Special Master.   The Court has been notified that the fees and costs of the Special Master are $42,600.60.   Accordingly, the Borough is to pay $42,600.00.   This payment is to be made to the Special Master no later than December 22, 2011.

                                                        BY THE COURT,

                                                        /s/ Maureen P. Kelly
                                                        United States Magistrate Judge

Dated: 13 December, 2011

cc:     Counsel of Record via CM-ECF