IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Southersby Development Corp., ) | CASE NO: 2:2009-cv-00208 |
| ) | |
| Plaintiff, ) | The Honorable Maureen P. Kelly |
| ) | |
| v. ) | |
| ) | |
| Borough of Jefferson Hills and William L. ) | |
| McVicker, in his individual and official ) | |
| capacity, ) | |
| ) | |
| Defendants ) | |

## DEFENDANT, WILLIAM L. MCVICKER'S TRIAL BRIEF

AND NOW, comes Defendant, William L. McVicker, by and through his counsel, Cipriani & Werner, P.C., and files the within Trial Brief.

*Brief Statement of the Case*

Plaintiff, Southersby Development Corporation filed this action on September 12, 2008 against Defendants, the Borough of Jefferson Hills and William L. McVicker ("McVicker") for alleged violations of its civil rights afforded under the Equal Protection Clause of the Fourteenth Amendment (Count I), the First Amendment (Count II), and for breach of contract (Count III). (Doc. No. 60). Plaintiff seeks recovery against McVicker solely in Count I (*See* Doc. No. 60 at p. 5), for violations of their equal protection rights in relation to his role as the Public Services Coordinator for the Borough of Jefferson Hills during the development of the Patriot Pointe project until the end of his employment with the Borough on September 8, 2008.

Plaintiff's remaining allegations against McVicker consist of the following: [1]

---

[1] Pursuant to the Court's Opinion and Order of February 14, 2012 (Doc. No. 178), to the extent that Plaintiff's claim relies on incidents that occurred before September 12, 2006, it is time-barred and has been dismissed with prejudice. (*See id.* at p. 8, 11, 22). These dismissed portions of the claim include the incidents alleged by Plaintiff in paragraph 23, subparts a, b, c, d, e, h and j of their Second Amended Complaint. (*See id.* at p. 22; *see also* Doc. No. 60 at pp.6-9).

- making frivolous complaints against the Plaintiff to the Allegheny County Conservation District causing Plaintiff to undergo unnecessary inspections, while no complaints were made of other developers, including Castor Farms;

- unjustifiably forced Plaintiff to go through the process of dedicating the Independence Drive connection a second time; and

- that McVicker arbitrarily revoked a sign permit issued to Plaintiff for placement of a monument at the entrance of the Independence Drive connector.

(Doc. No. 60 at ¶ 23 f, g, k)

### *Burden of Proof & Elements of Plaintiff's Claim*

Plaintiff has repeatedly and incorrectly represented throughout this litigation that Defendants are required *to prove* that they lacked a rational basis for their treatment of the Plaintiff. (*See* Doc. No. 131 at p. 10). As discussed below, it is the Plaintiff's burden to establish this element. *See Whittaker v. County of Lawrence*, 674 F.Supp.2d 668, 691-92 (W.D. Pa. 2009); *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). To establish a claim for a violation of the Equal Protection Clause based on a class-of-one theory, a plaintiff must demonstrate that: 1) it "has been intentionally treated differently from others similarly situated," and 2) "there is no rational basis for the difference in treatment." *Id.* A plaintiff can challenge such treatment only if it "is irrational and wholly arbitrary." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff bears the burden of proof of demonstrating that it was "treated differently from others *similarly situated* **and** that there was *no rational basis* for such disparate treatment." *Whittaker*, 674 F.Supp.2d at 691-92 (emphasis in original and emphasis added); *see also Olech*, 528 U.S. at 564. This standard is "doubtless difficult for a plaintiff to meet." *Eichenlaub v. Township of Indiana*, 385 F.2d 274, 286-81 (3d Cir. 2004).

Plaintiff further bears the burden of proving that other land developers, which have allegedly been treated differently than Plaintiff by the Defendants, are in fact, similarly situated as defined by controlling precedent. *See Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008). Further, Plaintiff bears the burden of demonstrating that any difference in treatment that Plaintiff experienced by the Defendants was intentionally and wholly arbitrary. The burden is on Plaintiff to negate any reasonably conceivable state of facts that could provide a rational basis for the Borough's actions. *Good v. Trish*, Civ. Act. No. 06-1736, 2007 U.S. Dist. LEXIS 67764, at *21 (M.D. Pa. Sept. 13, 2007); *Highway Materials, Inc. v. Whitemarsh Twp.*, 386 Fed. Appx. 251, 259 (3d Cir. 2010)(quoting *Eichenlaub v. Township of Indiana*, 385 F.2d 274, 286-81 (3d Cir. 2004); *Heller v. Doe*, 509 U.S. 312, 319-20 (1993)).

Plaintiff's rampant unsupported speculation is not sufficient to meet this burden.

### *Qualified Immunity*

Qualified immunity is an affirmative defense for government officials subject to § 1983 actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 815, (1982)(citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). "'The qualified immunity defense shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006)(quoting *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996)); *see also Harlow*, 457 U.S. at 818. In resolving this question of law, a court must undertake "a careful examination of the record … to establish, for purposes of summary judgment, a detailed factual description of the actions of each individual defendant." *Grant v. City of Pittsburgh*, 98 F.3d 116, 122 (3d Cir. 1996)(citations omitted).

"The qualified immunity standard 'gives ample room for mistaken judgments by protecting all but the *plainly incompetent* or those *who knowingly violate the law*.'" *Gilles v. Davis,* 427 F.3d 197, 203 (3d Cir. 2005)(quoting *Hunter v. Bryant,* 502 U.S. 224, 229 (1991)); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)(emphasis added).

The evidence developed through discovery in this matter and the record that will be presented at trial will not demonstrate that McVicker had any improper motive in carrying out his duties as the Borough's public services coordinator. Each cited incident of challenged conduct by McVicker could be reasonably viewed as having a rational basis based on record evidence. Furthermore, the evidence to be presented at trial will not establish that Defendants favored other developers or sought out to hinder the success of Patriot Pointe.

### *Conclusion*

It is only reasonable to assume that the Borough, through its oversight of the Patriot Pointe through McVicker, would have the same goal as Plaintiff to see that its residential development was successful and that Plaintiff could successfully contract to sell the lots in Patriot Pointe for home building. To the extent that Plaintiff's contentions that the Defendants did not follow a standard procedure as to its dealings with various developers are believed, they do not raise issues of constitutional significance. *See, e.g. United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 402 (3d Cir. 2003)(citing *Chesterfield Development Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992)).

Date: February 16, 2012           Respectfully submitted,

                         BY:   */s/Carolyn B. McGee*
                               PHILIP J. SBROLLA, ESQUIRE
                               Pa. ID# 90231
                               CAROLYN BATZ MCGEE, ESQUIRE
                               Pa. ID# 208815

CIPRIANI & WERNER, P.C.
650 Washington Road, Suite 700
Pittsburgh, PA  15228
(412) 563-2500

Attorney for Defendant,
William L. McVicker