IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


SOUTHERSBY DEVELOPMENT
CORPORATION,

       Plaintiff,

          vs.

BOROUGH OF JEFFERSON HILLS;
WILLIAM L. McVICKER, in his
individual and official capacity,

       Defendants.
_____

Civil Action

No. 09-208


     EXCERPT of Transcript of proceedings on February 13, 2012, United States District Court, Pittsburgh, Pennsylvania, before Maureen P. Kelly, Magistrate Judge


APPEARANCES:

For the Plaintiff:        Paul R. Robinson, Esq.
                          Edward G. Brandenstein, Esq.


For Defendant Borough:   Suzanne B. Merrick, Esq.
For Defendant McVicker:  Philip J. Sbrolla, Esq.




Court Reporter:        Richard T. Ford, RMR, CRR
                          6260 U.S. Courthouse
                          Pittsburgh, PA  15219
                          (412) 261-0802


Proceedings recorded by mechanical stenography; transcript produced by computer-aided transcription

1        (Excerpt of proceedings held February 13, 2012).

2        (Proceedings held in conference room).

3            THE COURT:   I have gone through in great detail the

4    motions in limine and I, quite frankly, appreciate the manner

5    in which all of you approached it in the context of being

6    direct and to the point and citing the key cases or the key

7    information that was needed for the Court to decide.

8            I believe I am going in numerical order in terms of

9    the filing of the motions in limine.  The first motion in

10   limine I am going to deal with is Southersby's motion

11   in limine to basically exclude evidence or references to

12   Southersby's Washington Square or Washington Point -- what's

13   the appropriate name for that?

14           MR. ROBINSON:  Washington Square, Your Honor.

15           THE COURT:  Washington Square development.

16           Having reviewed the motion and brief and

17   Defendants' responses, it's this Court's ruling that the

18   Washington Square development is not relevant to this case.

19   It is not relevant to the Patriot Pointe development claims.

20   Therefore, the motion in limine is granted and Defendants may

21   not make reference to or introduce evidence of Washington

22   Square or, quote, other developments in the borough by the

23   Plaintiff.

24           Next I have two motions in limine that were filed

25   by Mr. McVicker.  Is that correct, Mr. Sbrolla?

1            MR. SBROLLA:   That's correct, Your Honor.

2            THE COURT:   The first is Mr. McVicker's motion in

3    limine to preclude any evidence or testimony regarding his

4    discrimination lawsuit against the borough arising from his

5    termination.

6            I have reviewed the motion, the brief, and the

7    responses as well; and I am going to deny the motion in

8    limine.   I believe that evidence of payment of $300,000 to

9    Mr. McVicker to settle a discrimination lawsuit in the same

10   time period as this case is clearly relevant evidence of

11   possible bias of Mr. McVicker as a witness in this case.   So

12   that motion in limine is denied and I will admit evidence of

13   the amount of the payment to settle his age discrimination

14   claim.

15           Also, the second motion that I have from

16   Mr. McVicker is the motion in limine to preclude any evidence

17   or testimony regarding the Borough of Jefferson Hills

18   purchasing Mr. McVicker's residence.   I have reviewed that,

19   and that is slightly more removed in time than the

20   discrimination claim, although having read both the motion,

21   the brief, and the response from the Plaintiff, as well as

22   doing some research on my own, I am going to deny this motion

23   in limine.   I believe that evidence of the borough's purchase

24   of a key witness and a party's home is relevant possibly of

25   bias as well as to the claims of Southersby that there was

1   disparate treatment with regard to the borough's acceptance of

2   responsibility for a landslide occurring on the property of a

3   resident as opposed to the borough's acceptance of

4   responsibility and how that was handled in terms of the

5   treatment of Southersby.  So that motion in limine is denied.

6           Next I have, I believe, four motions in limine from

7   the Borough of Jefferson Hills.  The first, which is at ECF

8   No. 140, is a motion in limine to exclude expert testimony of

9   Timothy and Ann Murphy.  The borough seeks to deny it on the

10  grounds of Federal Rule of Civil Procedure 26(a)(2) that no

11  later than 90 days before the date set for trial a party must

12  disclose the subject matter on which an expert witness is

13  expected to present evidence and a summary of the facts and

14  opinions.

15          I note that in Plaintiff's pretrial statement that

16  was filed on October 3rd the Murphys are listed as experts.

17          At this time I am going to defer ruling on specific

18  testimony.  Quite frankly, based on what I have read about

19  this case, I am not quite sure, and I haven't seen any

20  identification as to on what grounds Mr. Murphy or Mrs. Murphy

21  would be proffered as experts, so we will address that at the

22  particular stage in the testimony.

23          Paul, I will instruct you not refer to them in your

24  opening as experts in any particular area or anything like

25  that, although I don't anticipate that you would.  But the

1  pretrial doesn't state what specific subject area they would

2  be called to testify in, and, quite frankly, I am concerned as

3  to what they would be proffered for as experts.

4  MR. ROBINSON:  What we had done, Judge, is they

5  have given deposition testimony and answered questions over so

6  many different issues, I am not certain it would be considered

7  expert testimony as well.  But there should be no doubt that a

8  number of subjects that were inquired into of Mr. Murphy and

9  Mrs. Murphy could be deemed to be development related issues,

10  earth movement issues that would be beyond the knowledge of an

11  average lay person.

12  So we wanted to be certain to at least make them

13  aware that the subjects of inquiry that were made during their

14  depositions may also be the subject of their testimony at

15  trial and it may be considered expert testimony.

16  THE COURT:  Now, I will let them testify as lay

17  people who work in this industry, but I don't see at this

18  point -- I mean, we will cross each step as we get to it --

19  that they are sort of specialized experts in a particular

20  area.  But they all obviously have experience in development

21  work and there may be questions based on their experience as

22  lay people, but not as, quote-unquote, experts.  So I am not

23  per se granting or denying the motion, but I want all of you

24  to know where I stand.

25  The next motion in limine is a motion in limine to

1   exclude evidence regarding Ryan Homes' injuries and damages

2   resulting from the delay in the issuance of the sewer tap

3   permits.   This is Jefferson Hills' motion at ECF No. 144.

4               This motion in limine, after reviewing all the

5   filings of the parties, I am going to grant in part and deny

6   in part.   First, Ryan Homes is not a party to this case.

7   Therefore, I am granting the motion in limine as to the

8   introduction of any damages sustained by Ryan Homes as a

9   nonparty.

10              I am denying the motion in limine as to damages

11  sustained by Southersby as a result of the conduct of the

12  borough, including damages in the delay of the issuance of

13  sewer tap permits or damages that Southersby sustained because

14  of Ryan not being able to accept lots for purchase because of

15  sewer tap issues.

16              So the motion of the borough is granted as to

17  damages sustained by Ryan, because that is not part of this

18  case; but denied as to damages sustained by Plaintiffs

19  relative to a number of issues, including sewer tap permits.

20              Next, the next motion in limine is ECF No. 142,

21  which is a motion in limine by the borough to exclude evidence

22  relating to the prohibition on the use of slag in the

23  construction of Patriot Pointe I and II.   Here Jefferson Hills

24  argues that the development agreement did not permit the use

25  of slag and that the borough did not permit the use of slag

1  until 2009, after Patriot Pointe I and II.

2          Plaintiff claims they were denied their right to

3  use slag, contrary to PennDOT publication 408, air cooled

4  slag, and that Jefferson Hills did not include the, quote, no

5  slag provision in any other developer agreements.

6          At this point I am going to defer ruling on this

7  until after the motion for summary judgment is ruled on.  So

8  we will address this following ruling on the pending motions

9  for partial summary judgment.

10          Next is the motion in limine filed by the Borough

11  of Jefferson Hills to exclude evidence relating to Plaintiff's

12  state law negligence claim.  I have reviewed the motion, the

13  response, and the brief in support; and I am going to grant in

14  part and deny in part the Defendant's motion in limine.

15          It is granted in part to the extent that evidence

16  of Jefferson Hills' negligence regarding Plaintiff's state

17  claim is not relevant; but it's denied in part to the extent

18  that evidence of the borough's disparate treatment of

19  Southersby is relevant to Southersby's equal protection claim

20  and breach of contract claim.

21          Then, last, is ECF No. 138, which is the motion in

22  limine of the Borough of Jefferson Hills to exclude evidence

23  of other litigation between the parties.  Here the borough

24  seeks to exclude evidence on three issues.

25          First, the age discrimination settlement payment of

1  $300,000 to Mr. McVicker; and I am going to deny that part of

2  the motion in limine for the same reasons that I denied

3  Mr. McVicker's motion in limine on that issue.  That is

4  evidence potentially of bias of a party and a witness.

5        Second, the borough seeks to exclude evidence of

6  the litigation between McVicker and the borough regarding his

7  prior home in the borough and the borough's purchase of the

8  McVicker house after the landslide.  For the reasons I stated

9  earlier in response the Mr. McVicker's motion in limine, this

10 Part 2 of this motion in limine is also denied.  That payment

11 in that case is evidence -- can be potentially construed as

12 evidence of bias and disparate treatment.

13        Then, lastly, the third component of the motion in

14 limine, which is at ECF No. 138, the borough seeks to exclude

15 evidence of the suit brought by Southersby against the borough

16 in the Court of Common Pleas of Allegheny County in which it

17 claimed that the borough violated the Pennsylvania

18 Municipalities Planning Code and Municipality Authorities Act

19 by the manner in which it collected sanitary sewer tap fees.

20 I am going to deny that portion of the motion as well.

21 Obviously the sewer tap fee issues are evidence of Plaintiff's

22 claim of disparate treatment.

23        However, I caution all parties, in particular

24 Plaintiff, that this trial of this case is not to be a

25 relitigation of that state court claim.  Evidence can be

1  presented that a claim was filed, what happened, but I do not

2  want that relitigated because this needs to stay on focus as

3  to what the claims are in this case, in particular the claim

4  of disparate treatment.

5          So that is the Court's ruling on all of the motions

6  in limine, and just the motion in limine on the slag that the

7  borough had filed, I have deferred ruling on it at this point.

8  I have read everything, but we will wait until the ruling on

9  the motion for partial summary judgment of both Defendants is

10  issued.

11          That concludes my list but for one item.  Is there

12  anything else that the Plaintiff needs to raise?

13          MR. ROBINSON:  No, Your Honor.  No, I think that is

14  everything that I covered.  Thank you for handling those

15  motions in limine at this time so we can have that knowledge.

16          THE COURT:  It is always helpful when you are a

17  week out to know how things are going to go so you can prepare

18  your openings and things like that.

19          Suzanne, is there anything else you need to me deal

20  with?

21          MS. MERRICK:  No, thank you.

22          THE COURT:  Phil?

23          MR. SBROLLA:  Just sitting here thinking about it,

24  we are putting together, it sounds like, a master list of

25  exhibits.  Part of the joint stipulations is going to be what

1  we can stipulate to.  How would the Court like us to approach

2  documents that we can't stipulate to or there are going to be

3  objections, should we supply the Court with a chart?

4          THE COURT:  That's a very good question and I

5  appreciate you asking it.  What I think would be helpful is

6  when you prepare Plaintiff's master list of exhibits,

7  Defendants' master list of exhibits, if you make four

8  columns -- one, the identifier, letter and/or number; second

9  column, the description of the exhibit; and then over to the

10  far right if you do two columns, authenticity, admissibility.

11          MR. SBROLLA:  And if we have an objection, would

12  the Court like us to note the objection in the column as a way

13  to assist?  That way -- I don't know if the Court wants to

14  make rulings ahead of time.

15          THE COURT:  No, we are going to take each exhibit

16  as we get to it.  But if you just put either -- if it's agreed

17  to as to authenticity or admissibility, just put an X so I

18  know.  If it's not, my guess is the objection is probably

19  going to be to admissibility, just put O-B-J, then I will

20  know.  But that way when I'm on the bench, I have a master

21  list that I can have with the binder, so I will have that

22  master list for Plaintiff's exhibits and that master list for

23  Defendants' exhibits.

24          And I don't know if the two of you have talked

25  about doing one set of defense exhibits.  I think that would

1  streamline it, but I don't want to tell you what to do.

2  MR. SBROLLA:  I think what we initially did was put

3  together our lists, we circulated them last Friday, but we

4  will sit down and consolidate.  To the extent Paul has one of

5  my exhibits, I don't need to duplicate it.

6  MR. ROBINSON:  I am sure we have duplicates.

7  THE COURT:  Anything further you need to bring up?

8  MS. MERRICK:  No, no.

9  THE COURT:  Phil, anything from you?

10  MR. SBROLLA:  No.

11  THE COURT:  Okay.  Then what I would like to do is

12  conclude the conference.  I just want to briefly talk to each

13  side to see if you've made any progress in terms of

14  settlement.  We've tried diligently a number of times to

15  settle this case, so I am not hopeful, but you may surprise

16  me.  Then once we conclude that, then go into the courtroom

17  and we can take a look at the space and you can take a look at

18  the technology and things like that.

19  MR. ROBINSON:  Sounds great.

20  THE COURT:  Thank you.  That concludes the pretrial

21  conference.

22  (Record closed).

23  C E R T I F I C A T E
   I, Richard T. Ford, certify that the foregoing
24  is a correct transcript from the record of proceedings in the
   above-titled matter.
25  S/Richard T. Ford  _____